46614.   TALLAHASSEE BANK & TRUST COMPANY v.
RAINES et al.

Hall, Presiding Judge. In a suit on a series of notes, plaintiff bank appeals from the grant of summary judgment for the defendant makers and from the denial of its own motion for summary judgment.

Defendants executed a five-year lease on a farm belonging to one C. Scott Vinson in late October of 1968. It provided for a yearly rental of $8,000. Vinson had a large personal debt with the appellant bank. In November of 1968, he assigned the rentals due under the lease to the bank. In February of 1969, in response to a call from the

bank for more security, Vinson procured from defendants a series of five notes for $8,000, each one payable on successive yearly dates. We presume the defendants executed these notes as an accommodation to Vinson since they were already bound to pay these amounts under the lease. Vinson promptly assigned the notes to the bank by way of a separate document entitled "Assignment." Defendants paid the first note which matured in October of 1969. In January of 1970, upon Vinson's default, his mortgage was foreclosed and the farm was sold at public auction. Defendants were called upon to pay rent to the new owner and subsequently defaulted on the note which matured in October of 1970.

The bank brought this action not only on the note in default, but on the last three in the series, alleging anticipatory repudiation. The bank contends it is entitled to payment as a holder in due course.

Two issues are presented by this appeal: Whether the bank is a holder in due course; or if not, whether the undisputed facts raised a sufficient defense to demand the summary judgment for the defendants.

1. "Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement. . . An indorsement must be written . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof." *Code Ann.* § 109A-3—202. This means that a separate paper pinned or clipped to an instrument is an insufficient indorsement. The paper must be "so firmly affixed to the instrument as to become an extension or part of it. Such a paper is called an allonge." Comment 3 to § 3-202 of the 1962 Official Text of the Uniform Commercial Code. Both Black's Law Dictionary and CJS define an allonge as a paper attached to a bill or note for the purpose of writing indorsements *when there is no room on the instrument itself.*

We believe the clear import of these sections precludes the

separate assignment made by Vinson from operating as an indorsement of these notes. The record shows there was adequate room on both the front and back of these notes for his signature—which is all that is necessary for an indorsement in blank. The bank is merely an assignee or transferee and took them subject to any defense which could be raised against the maker. *Code Ann.* § 109A-3— 306. The court did not err in denying plaintiff's motion for summary judgment.

2. The undisputed evidence shows that the farm was sold by foreclosure to someone other than C. Scott Vinson. This affirmatively shows a failure of consideration on Vinson's part under the lease and a corresponding discharge of defendants' obligation to pay rent under it. This in turn discharges them from liability on the notes. *Code Ann.* § 109A-3—601 (2). The record also shows that defendants tendered and then paid into court the calculated pro-rata rental from October 31, 1969, to January 6, 1970, and that this sum was forwarded to plaintiff's attorneys. The court did not err in granting summary judgment for defendants.

*Judgment affirmed. Eberhardt and Clark, JJ., concur.*
ARGUED OCTOBER 5, 1971—DECIDED JANUARY 6, 1972.

*Reinhardt, Whitley & Sims, Ernest J. Yates,* for appellant.
*Wright, Reddick & Faircloth, G. Mallon Faircloth,* for appellees.