## FOURTH DIVISION
## DOYLE, P. J.,
## MCFADDEN and BOGGS, JJ.

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 6, 2013**

# In the Court of Appeals of Georgia

A13A0322. CHAE et al. v. SAEHAN BANK. DO-020

DOYLE, Presiding Judge.

Darren Oaknam Chae and Jin Chae appeal from the grant of summary judgment to Saehan Bank in its suit on a promissory note and guaranties. They argue that the trial court erred because (1) it failed to hold a hearing, (2) the summary judgment motion improperly named the parties, (3) genuine issues of fact remain as to fraudulent inducement, (4) factual issues remain as to the adequacy of the proceeds of the sale of the collateral, and (5) the Bank lacks standing. Discerning no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the undisputed record shows that in April 2007, Captain Fish Market, Inc. ("Captain"), executed a promissory note in favor of Saehan Bank, evincing a debt of $385,000 in principal with an annual interest rate of 8.75 percent. As collateral for the note, Captain also executed a deed conveying a security interest to the Bank in certain property in Coweta County. Finally, Darren and Jin Chae each executed unconditional guaranties of the debt on the note.

The debts went into default, and in 2010 the Bank foreclosed on the property and sold it at a public auction, at which the Bank was the highest bidder, for $252,000. The Bank reported the sale to the Superior Court of Coweta County, which issued an order in January 2011 confirming the sale and adjudging a deficiency of $176,514.33. That order was not appealed.

In November 2011, the Bank filed the present action against Captain and the Chaes in the Superior Court of Fulton County, seeking payment for the deficiency

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

balance. The defendants filed an answer and counterclaim, admitting that they executed the respective loan documents, but challenging the foreclosure proceedings.

The Bank moved to dismiss the counterclaim, which motion was granted After their counsel withdrew, the Chaes filed pro se motions to set aside the foreclosure sale. Thereafter, the Bank moved for summary judgment, outlining the propriety of the foreclosure and confirmation proceedings. The trial court granted the motion, giving rise to this appeal.

1. The Chaes argue that they were deprived due process because the trial court granted the summary judgment motion without a hearing and did not allow them to submit evidence. This argument lacks merit.

OCGA § 9-11-56 (c) provides that the motion for summary judgment shall be served at least 30 days "before the time fixed for the hearing." Uniform Superior Court Rule 6.3 states that all motions in civil actions, including motions for summary judgment "shall be decided by the court without oral hearing" unless otherwise ordered by the court or "upon written request made in a separate pleading bearing the caption of the case and entitled "Request for Oral Hearing" filed with the motion for summary judgment or not later than five (5) days after the time for response. The rule and the statute work together consistently. The statute contemplates but does not mandate a hearing. The rule fixes the method parties use to obtain a hearing. All a party need do is make a written request for oral argument and it shall be held. Since the record appendix

3

submitted to this Court by the parties does not contain [such] a request for oral hearing, the trial court was not required to hear oral argument on the motion prior to ruling on it.[2]

2. The Chaes next contend that the trial court erred by granting summary judgment as to all defendants because the motion requested summary judgment as to Captain but failed to seek it as to the Chaes. The record shows that the motion contained the proper style referring to all three defendants, but it pleaded as follows: "COMES NOW Plaintiff Saehan Bank ("Saehan") and moves the Court to grant summary judgment as to Defendant Captain Fish . . . on the grounds that there are no genuine issues of material fact and therefore Plaintiff is entitled to judgment as a matter of law." The motion refers to "Defendant" in the singular, but it was served on all three defendants, and the Chaes responded individually.

> A trial court may grant summary judgment sua sponte under certain circumstances, so long as it ensures that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. While in most cases it is better practice to await a motion for summary judgment before entering it for a party, it may not be erroneous under the

---

[2] (Citation and punctuation omitted.) *Royal v. Blackwell*, 289 Ga. 473, 478 (2) (c) (712 SE2d 815) (2011).

4

circumstances of a given case, where the issues are the same as those involved in the movant's motion.[3]

Here, the record shows that the issues developed in determining Captain's liability were essentially the same as those in adjudicating the Chaes' liability. The Chaes were not surprised by the summary judgment motion, and they were allowed to and did submit lengthy individual defenses to the motion. Based on the record before us, we discern no reversible error in the trial court's procedure used to grant summary judgment against the Chaes.

3. The Chaes also argue that factual issues remain as to fraudulent inducement and duress. Other than to quote case law concerning the forming of one agreement by simultaneous execution of two or more agreements, they offer no cogent argument supporting a defense of duress or fraud. The Chaes admitted in pleadings that they executed the documents, and they point to no other factual basis supporting fraud or duress.

> One cannot claim to be defrauded about a matter equally open to the observation of all parties where[, as here,] no special relationship or trust or confidence exists. Further, in the absence of special

---

[3] (Punctuation omitted.) *Zions First Nat. Bank v. Macke*, 316 Ga. App. 744, 754 (5) (730 SE2d 462) (2012).

5

circumstances[,] one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud. One not prevented from reading the contract, and having the capacity and opportunity to do so, cannot after signing it claim he was fraudulently induced to sign by promises which contradict the express terms of the contract.[4]

Therefore, this enumeration presents no basis for reversal.

4. The Chaes contend that factual issues remain as to the amount received from the foreclosure auction and whether the Bank met its alleged obligation to hold as many sales as needed until the entire indebtedness is paid. The Chaes focus on the following language found in the security deed: "Power of Sale. Lender may sell the Property, or any part thereof or any interest therein, separately, at Lender's discretion, with or without taking possession thereof, at public sale . . . Lender may hold one or more sales hereunder until the Indebtedness has been satisfied in full." Based on this language, the Chaes argue that the Bank is required to keep re-selling the property until their debt is satisfied. But this interpretation misreads the language in the deed, which allows the Bank to dispose of the property at its discretion, and having already

---

[4] (Punctuation omitted.) *Megel v. Donaldson*, 288 Ga. App. 510, 514 (2) (654 SE2d 656) (2007).

sold the entire property once, the Bank is not required to apply the proceeds of any subsequent sale to the indebtedness. This argument also fails because, in their unconditional guaranties, the Chaes waived any right to require the Bank to pursue any particular remedy within the Bank's power.

The Chaes also appear to assert that the property's original purchase price should be considered auction proceeds along with those of the public sale, rendering a surplus of $252,000, which they are due in addition to canceling their debt. This mathematical contrivance is contrary to the language of the plain language of the security deed, and it is therefore unavailing.

5. Finally, the Chaes argue that the Bank lacks standing to bring its complaint. This is belied by the loan documents that the Chaes concede they signed. The loan documents show that the Bank is the lender on the note, the lender on the guaranties, and the holder of the security deeds. Under these circumstances, the Bank has standing to pursue its suit on the unpaid debt.[5]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[5] See OCGA § 9-2-20 (a) ("As a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent.").

7