**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**April 30, 2014**

# In the Court of Appeals of Georgia

A14A0549. WARE v. MULTIBANK 2009-1 RES-ADC VENTURE, LLC.

McMillian, Judge.

The trial court granted summary judgment to Multibank 2009-1 RES Venture, LLC ("Multibank") on its complaint for breach of three promissory notes from Reginald B. Ware. On appeal, Ware asserts twelve separate enumerations of error, the majority of which challenge the affidavit submitted in support of Multibank's motion for summary judgment. For the reasons that follow, we affirm the judgment as to liability on each of the three promissory notes, but reverse the award of damages as to the third note and remand for further proceedings consistent with this opinion.

As an initial matter, we note that Ware's brief fails to comport with the rules of this court. It provides no citations to the record,[1] lacks a statement by which each of his enumerations of error was preserved for consideration,[2] and, in many instances, fails to include any citation to legal authority.[3] "We recognize that [Ware] is acting pro se; nevertheless, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this court." (Citations and punctuation omitted.) *Brown v. Mowr Enters., LLC*, 322 Ga. App. 93, 93 (742 SE2d 173) (2013). "It is not the function of this Court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation

---

[1] Court of Appeals Rule 25 (a) (1) provides: "Record and transcript citations shall be to the volume or part of the record or transcript and the page numbers that appear on the appellate record or transcript as sent from the trial court." In addition, Court of Appeals Rule 25 (c) (2) (i) provides: "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration."

[2] See Court of Appeals Rule 25 (a) (1).

[3] See Court of Appeals Rule 25 (c) (2); *Blanton v. State*, 324 Ga. App. 610, 616, n. 10 (751 SE2d 431) (2013) (finding appellant abandoned any potential claim of error where he failed to cite to authority in support of such claim).

omitted.) *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 740 (7) (698 SE2d 19) (2010).

Given the shortcomings of Ware's brief, we are authorized to dismiss it. See Court of Appeals Rule 7. However, we choose to exercise our discretion and review the record in this case to resolve the appeal on its merits.[4] See *Masood v. State*, 313 Ga. App. 549, 550, n. 4 (772 SE2d 149) (2012). "But if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with [Appellant]." (Citation and punctuation omitted.) *Reid v. Ga. Bldg. Auth.*, 283 Ga. App. 413, 413 (641 SE2d 642) (2007); see also *Pruitt v. State*, 323 Ga. App. 689, 690 (1) (747 SE2d 694) (2013).

---

[4] The rules of this court are not intended to provide an obstacle for the unwary or the pro se appellant. Briefs that do not conform to the rules . . . are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown.

(Citation and punctuation omitted.) *Williams v. State*, 318 Ga. App. 744, 744-745 (734 SE2d 745) (2012).

On appeal, Ware asserts various enumerations of error arising from the trial court's grant of summary judgment to Multibank.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Hanna v. First Citizens Bank & Trust Co., Inc.*, 323 Ga. App. 321, 322 (744 SE2d 894) (2013).

Viewed in this light, the record shows that Ware executed a commercial promissory note in favor of Omni National Bank ("Omni") on December 27, 2006 in the original principal amount of $91,925 ("First Note").[5] In connection with the First Note, Ware also executed a Deed to Secure Debt, granting to Omni a security interest in real property located at 2976 Fifth Street, SW, Atlanta, Georgia 30315. On February 7, 2007, Ware executed a second promissory note in favor of Omni in the amount of $98,250 ("Second Note"). That same day, Ware executed a Deed to Secure

---

[5] On March 15, 2007, the First Note was modified to increase the principal balance to $99,925.

4

Debt, granting to Omni a security interest in real property located at 1262 Elizabeth Avenue, SW, Atlanta, Georgia 30310. On February 16, 2007, Ware executed a third promissory note in favor of Omni for $96,125 ("Third Note").[6] Again, Ware executed a Deed to Secure Debt, granting to Omni a security interest in real property located at 324 Oak Drive, Atlanta, Georgia 30354. According to their express terms, the First Note was due in full on January 5, 2008, and the Second and Third Notes were due in full on March 15, 2008. In March 2009, Omni was closed, and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver. In February 2010, the FDIC assigned the Notes to Multibank, as evidenced by various allonges and omnibus assignments.

On August 22, 2012, Multibank brought suit against Ware, seeking the unpaid principal, accrued interest, and contractual attorney fees due under the Notes.[7] In his Answer, Ware did not dispute that he executed the Notes and then defaulted on each, but he generally denied liability for reasons such as lack of privity, failure to prove the amount shown on the Notes, and unenforceability of illusory contracts. Multibank

---

[6] Where appropriate, we will refer to the First, Second, and Third Notes collectively as "the Notes."

[7] Each Note provided for an annual interest rate of 13 percent and attorney fees equal to 15 percent of the principal and interest due in the event of default.

filed a motion for summary judgment on March 7, 2013, which was supported by the affidavit of Niral Shah, the attorney-in-fact for the entity serving as manager of Multibank. Following a hearing on April 15, 2013, the trial court granted summary judgment to Multibank.

1. In his first two enumerations of error, Ware complains that he was not aware that the hearing held by the trial court would pertain to Multibank's motion for summary judgment[8] and that the trial court never ruled on Multibank's request for oral argument filed in conjunction with its motion for summary judgment.[9] Ware cites neither to the record nor to any legal authority to support his claims of error. Moreover, an independent review of the record shows that not only was Ware present at the hearing, where he argued against Multibank's motion, he also filed both an opposition to Multibank's motion and a cross-motion on April 1, 2013. Ware's first and second enumerations of error are without merit. See, e.g., *Chae v. Saehan Bank*, 321 Ga. App. 833, 835 (2) (742 SE2d 169) (2013) (finding no error in the trial court's

---

[8] The notice complained of was the trial court's notice to the parties that the matter was scheduled on the trial calendar beginning April 15, 2013.

[9] Ware does not explain how a failure to rule on Multibank's request for oral argument prejudiced him. Moreover, at the hearing, Ware admitted that he learned the week before that Multibank's motion for summary judgment would be considered at that time.

procedure used to grant summary judgment where the defendant was not surprised by the motion and was allowed to and did submit defenses to the motion).

2. In his third, fourth, fifth, sixth, seventh, and ninth enumerations of error, Ware challenges various aspects of Shah's affidavit. In her affidavit, Shah sets out her role and personal access to and knowledge of the records created and maintained by Multibank in the ordinary course of business, including the FDIC's transfer of Omni's records to Multibank in the ordinary course of business. She also references and authenticates various documents, including the three Notes and their corresponding deeds to secure debt, the omnibus assignments and allonges that transferred the Notes to Multibank from the FDIC as Receiver for Omni, the limited power of attorney executed by the FDIC granting authority to the attorney who executed the assignment documents, and the payment histories for the Notes.

Ware first argues that because Shah was never employed by Omni, she has no personal knowledge of how Omni conducted business or kept its records and therefore is unable to authenticate the records attached to her affidavit. We have

7

consistently rejected similar arguments in the past.[10] Because the hearing on Multibank's motion for summary judgment took place after January 1, 2013, the provisions of Georgia's new Evidence Code apply. See Ga. L. 2011, pp. 99, 214, § 101. Under our new code, business records may be admissible as a hearsay exception:

> Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness . . . a memorandum, report, record, or data compilation, in any form . . . if (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification . . . .

---

[10] See, e.g., *Angel Business Catalysts, LLC v. Bank of the Ozarks*, 316 Ga. App. 253, 255-256 (1) (728 SE2d 854) (2012) (where routine, factual documents made by one business are transmitted and delivered to a second business and there entered in the regular course of business of the receiving business, such documents are admissible [as business records.]) (citation and punctuation omitted); *Jenkins v. Sallie Mae, Inc.*, 286 Ga. App. 502, 503 (2) (649 SE2d 802) (2007); *Boyd v. Calvary Portfolio Svcs., Inc.*, 285 Ga. App. 390, 391 (1) (646 SE2d 496) (2007) (documents of predecessor were properly admitted as business records of successor business and trial court did not err in granting summary judgment based on the evidence contained therein); see also former OCGA § 24-3-14(b).

OCGA § 24-8-803 (6).[11] We find that Shah has sufficiently authenticated those records she relied on and attached to her affidavit. See *SKC, Inc. v. eMag Solutions, LLC*, ___ Ga. App. ___ (3) (Case No. A13A2121 decided March 14, 2014); see also *FDIC v. Sri Chakra Group LLC*, No. 5:13-CV-268-MTT, 2014 U.S. Dist. LEXIS 12701, at *11 (M.D. Ga. Feb. 3, 2014) ("As several courts have noted, employees of successor entities can authenticate business records of their predecessor entities that pass to them by virtue of merger."); *RADC/CADC VENTURE 2010-2, LLC v. Hunt Valley Properties, LLC*, No. 1:10-CV-3395-RWS, 2012 U.S. Dist. LEXIS 98789 (N.D. Ga. July 17, 2012).

As we understand several of his remaining enumerations of error related to Shah's affidavit, Ware also calls into question the trustworthiness of the business records relied on by Shah because of the circumstances under which Omni was closed and the FDIC was appointed as Receiver. We are not persuaded. Federal courts that have examined the trustworthiness prong of the business record exception to the hearsay rule have noted that, generally, "bank records are particularly suitable for

---

[11] Because OCGA § 24-8-803 mirrors Rule 803 of the Federal Rules of Evidence, we will look to case law from federal courts within the Eleventh Circuit for guidance in interpreting that statute. See Ga. L. 2011, p. 99, § 1; *Barnum v. Coastal Health Svcs.*, 288 Ga. App. 209, 215 (2) (b) (653 SE2d 816) (2007).

admission under Rule 803 (6) in light of the fastidious nature of record keeping in financial institutions, which is often required by governmental regulations." See, e.g., *St. Paul Mercury Ins. Co. v. FDIC*, No. 08-21192-CIV-GARBER, 2011 U.S. Dist. LEXIS 103135, at *12 (S.D. Fla. Sept. 13, 2011); *FirstMerit Bank v. Balin*, No. 11 C 8809, 2012 U.S. Dist. LEXIS 129747, at **10-11 (N.D. Ill. Sept. 11, 2012) (admitting records of predecessor bank and noting that otherwise "it would be extremely difficult for a successor bank to recover debt owed to a failed bank" which would "inhibit the FDIC in its receivership role when it must find solvent banks to take over insolvent banks").

Although Ware repeatedly refers to the prosecution of certain former Omni executives related to fraudulent schemes to overvalue Omni's reported assets, he does not argue – much less offer any evidence in support – how those alleged schemes relate specifically to the Notes he executed. Moreover, Ware has not disputed that he is in default on the Notes, nor has he offered any specific dispute as to the amount he owes. Therefore, we decline to accept Ware's conjectural complaints about the trustworthiness of the documents submitted by Multibank. See *St. Paul Mercury Ins. Co.*, 2011 U.S. Dist. LEXIS 103135, at **14-15; *FirstMerit Bank*, 2012 U.S. Dist. LEXIS 129747, at *10 ("Defendants have failed to present any evidence other than

their unsupported personal opinions to call into doubt the accuracy or trustworthiness of the business records and documents.").

And finally, Ware points out that although Shah references the documents within her affidavit and appears to have relied on them in determining the payment amount demanded, she failed to attach the payment history for the Third Note. He therefore argues that her affidavit must fail. We agree, but only to the extent Shah relied on the missing payment history. See, e.g., *Powers v. Hudson & Keyse, LLC*, 289 Ga. App. 251, 252 (1) (656 SE2d 578) (2008) ("where records relied upon and referred to in an affidavit are neither attached to the affidavit nor included in the record and clearly identified in the affidavit, the affidavit is insufficient") (citations and punctuation omitted). However, even where a portion of Shah's affidavit is inadmissible, that fact does not invalidate the entire affidavit. See *Hodges v. Putzel Electric Contractors, Inc.*, 260 Ga. App. 590, 596 (3) (580 SE2d 243) (2003) ("[W]e must examine all the affidavits and determine whether parts of them are actually based on the affiants' personal knowledge . . . which would make those parts admissible."). We find the remainder of Shah's affidavit and corresponding documents admissible, and therefore, examine those remaining portions to determine whether they are sufficient to establish summary judgment in favor of Multibank.

11

"In an action on a promissory note, a movant may establish a prima facie right to judgment as a matter of law on the issue of liability by producing the promissory note and showing that it was executed." (Citation and punctuation omitted.) *Alexander v. Wachovia Bank, Nat. Assn.*, 305 Ga. App. 641, 642 (700 SE2d 640) (2010). Because Multibank has presented each of the three Notes it has sued on and shown that they were executed by Ware, it has sufficiently established liability on each Note as a matter of law. See id. However, "[w]here a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty." (Citation and punctuation omitted.) *Myers v. First Citizens Bank & Trust Co., Inc.*, 324 Ga. App. 293, 296 (750 SE2d 378) (2013). Attached to Shah's affidavit were the three Notes, whose express terms establish the original principal amount, the applicable interest rate, and method for calculating attorney fees in the event of default. Shah also attached the payment history for the First and Second Notes to her affidavit. We find these documents sufficient to establish the amount of damages as to the First and Second Notes. See, e.g., *Angel Business Catalysts, LLC*, 316 Ga. App. at 256-257 (2); *Kensington Partners, LLC v. Beal Bank Nevada*, 311 Ga. App. 196, 198-199 (3) (715 SE2d 491) (2011).

12

With respect to the Third Note, however, Multibank's failure to include the documents referenced by Shah in her affidavit to determine the amount of damages owed by Ware precludes summary judgment on that issue. See *Hanna v. First Citizens Bank & Trust Co., Inc.*, 323 Ga. App. 321, 328-329 (4) (744 SE2d 894) (2013) (trial court erred in granting summary judgment as to damages where the bank provided insufficient proof of same). Although, based on the current record, the amount of damages is insufficiently certain, our holding in this regard does not mean that Multibank's damages as to the Third Note would never be susceptible to summary adjudication.[12] See, e.g., *SKC, Inc.*, ___ Ga. App. at ___ (3).

3. In his eighth and tenth enumerations of error, Ware complains of the trial court's failure to "rule on" various interrogatories presumably served on Multibank. Ware wholly fails to support these arguments with either record citations or relevant legal authority.[13] "[Ware's] failure to provide any cogent argument or citation of

---

[12] We note that although the original principal loan amount in the Third Note was $96,125, Shah alleges in her affidavit that Ware now owes $96,413.38 in unpaid principal without an explanation as to how that amount was determined.

[13] We further note that, based on the record before us, Ware did not file a motion to compel or any other discovery motion related to the complained of interrogatories.

authority in support of [these] alleged [errors] constitutes a waiver." *Vadde v. Bank of Am.*, 301 Ga. App. 475, 478 (1) (a) (687 SE2d 880) (2009).

4. In his eleventh enumeration of error, Ware asserts that the allonges[14] submitted by Multibank in support of their motion for summary judgment failed to meet the necessary requirements for admissibility such that Multibank is unable to prove a valid assignment.[15] In support of his argument, Ware provides a citation to one Georgia case, *Tallahassee Bank & Trust Co. v. Raines*, 125 Ga. App. 263 (187 SE2d 320) (1972). However, although *Raines* stands for the proposition that an allonge must be 'so firmly affixed to the instrument as to become an extension or part of it,' this Court concluded that even where the allonge was not so affixed, the bank was nonetheless an assignee, but took the notes subject to any defense which could be raised against the maker. *Raines,* 125 Ga. App. at 264 (1); see also *Adams v.*

---

[14] "An allonge is a piece of paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself." (Citation omitted.) *Milestone v. David*, 251 Ga. App. 832, 832, n. 1 (555 SE2d 163) (2001).

[15] "A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee." (Citation and punctuation omitted.) *Hosch v. Colonial Pacific Leasing Corp.*, 313 Ga. App. 873, 874 (2) (722 SE2d 778) (2012).

*Madison Realty & Development, Inc.*, 853 F2d 163, 166 (3rd Cir. 1988) (relying on the Uniform Commercial Code to explain that in order to become a holder in due course – an advantageous status which cuts off certain defenses – the holder must meet certain technical requirements, including a firmly affixed allonge). Here, the records on which Multibank relied in support of its motion for summary judgment evidenced a complete chain of assignments, and Ware has raised no valid defense to Multibank's claims. See *Big Sandy Partnership, LLC v. Branch Banking & Trust Co.*, 313 Ga. App. 871, 872 (723 SE2d 82) (2012) ("In response to [the bank's] motion for summary judgment, the Debtors were not entitled to rest on allegations in their pleadings to establish affirmative defenses on which they had the burden of proof at trial, but were required to come forward with or point to specific facts in the record to establish affirmative defenses."). Accordingly, this claim of error fails. See, e.g., *Heritage Constr. Corp. v. State Bank & Trust Co.*, 316 Ga. App. 25, 27 (728 SE2d 703) (2012).

5. In his final enumeration, Ware contends that the trial court erred by failing to allow a jury trial where he did not expressly waive that right. However, where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper. OCGA § 9-11-56 (c). Because we find that the

trial court did not err in granting summary judgment to Multibank as to liability on each of the Notes or as to the damages related to the First and Second Notes, but did err as to its determination of the damages related to the Third Note, we affirm the trial court's grant of summary judgment in part and reverse in part and remand for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded. Phipps, C. J., and Ellington, P. J., concur*.