**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 25, 2014**

# In the Court of Appeals of Georgia

A14A1134. HAYEK et al. v. CHASTAIN PARK CONDOMINIUM
ASSOCIATION, INC.

ANDREWS, Presiding Judge.

Joseph and Rosette Hayek appeal from an order granting summary judgment to Chastain Park Condominium Association, Inc. ("Chastain Park") for unpaid assessments and other charges associated with their ownership of a condominium. The Hayeks claim that the trial court erred in granting summary judgment on Chastain Park's claim for past due assessments because the only evidence supporting that claim constituted hearsay. They also claim that the trial court erred in awarding attorney fees because Chastain Park failed to prove the underlying debt, rendering its claim for attorney fees unreasonable and unrecoverable. For reasons that follow, we reverse.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from a grant of summary judgment, we apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant. *Walter R. Thomas Assoc. v. Media Dynamite*, 284 Ga. App. 413, 413-414 (643 SE2d 883) (2007).

So viewed, the evidence showed that the Hayeks own a condominium in the Chastain Park Condominium development. Pursuant to the declaration governing the development, owners agree to pay annual assessments in equal monthly installments that are due on the first day of each month. If a monthly installment of the annual assessment is not paid in full by the tenth day of the month, a late charge of ten percent of the unpaid amount may be imposed and interest at the rate of ten percent per year will accrue from the due date. If assessments and other charges remain unpaid for 30 days or more, Chastain Park has the right to institute suit to recover all amounts due, including reasonable attorney fees actually incurred.

On February 6, 2012, counsel for Chastain Park sent a demand letter to the Hayeks seeking to recover $4,816.08 for past due assessments, interest, and late fees owed through January 31, 2012, the February 2012 assessment, and attorney fees.

2

When payment in full was not received within 30 days, Chastain Park accelerated all assessments and other charges due through December 31, 2012, and filed suit against the Hayeks for $7,064.77, plus interest and attorney fees. The Hayeks were living in California at the time and exchanged numerous emails with Chastain Park's counsel, management company, and Board of Directors in an attempt to resolve issues related to the amounts sought. Those efforts were unsuccessful, and the Hayeks answered the complaint, denying the allegations regarding the amounts owed.

Chastain Park filed a motion for summary judgment on July 31, 2013. In its motion, Chastain Park sought $9,276.25 for assessments and $828.75 for late fees through July 2013, $1,253.42 for interest, and $9,592.10 for attorney fees and costs, for a total of $20,950.52. In support of its motion, Chastain Park submitted an affidavit from Robin Steinkritz, who had been the property manager since May 2011. Although Steinkritz averred that the Hayeks owed the amounts sought in the motion for summary judgment, he based his statements regarding the amounts owed on an account ledger attached to the affidavit. According to the account ledger, the Hayeks owed a total of $20,669.46 for assessments and other charges. That amount included a "balance forward" of $9,599.03 and charges for the period from August 1, 2012 through July 17, 2013 as follows: $2,912.76 for monthly assessments, $311.48 for

3

late fees, $789.52 for interest, $202.40 for special assessments, and $11,671.24 for a category designated as "winter." The account ledger also reflected payments of $4,816.97.

In support of its claim for attorney fees, Chastain Park submitted an affidavit from its counsel, Stephen Winter. According to Winter, his law firm incurred $15,007.50 in attorney fees, $123.74 in expenses, and $250.70 in court costs in connection with this case. After applying payments made by the Hayeks first to costs and attorney fees and then to other charges, Winter averred that the balance owed for attorney fees and expenses was $9,592.10.

In response to the motion for summary judgment, the Hayeks disputed the amounts sought by Chastain Park and submitted an affidavit in which David Hayek averred that refinancing documents showed that assessments on his condominium were up to date as of January 2011 and that the prior property management company had failed to cash his $2,500 check for all 2011 assessments. The Hayeks claimed that Chastain Park had failed to prove its case through admissible evidence, arguing that Steinkritz's unsupported statements regarding the amounts owed and the account ledger on which he relied were inadmissible hearsay. They also claimed that the attorney fees sought by Chastain Park were unreasonable and unrecoverable.

4

The trial court granted Chastain Park's motion for summary judgment and awarded damages in the amount of $19,333.52. The court awarded the amount of assessments, late fees, and interest sought in the summary judgment motion, but the attorney fee award was $7, 975.10 instead of the $9,592.10 sought in the motion.

1. The Hayeks claim that summary judgment should not have been granted on Chastain Park's claim for past due sums because the only evidence offered to support those claims – the account ledger and Steinkritz's affidavit testimony regarding the amounts owed – was inadmissible hearsay. We conclude that the damages sought are insufficiently certain, and therefore reverse.

OCGA § 24-8-803 (6) provides an exception to the hearsay rule for

> a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, if (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness.[1]

---

[1] Georgia's New Evidence Code became effective on January 1, 2013, and applies to any motion made on or after such date. Ga. L. 2011, p.99, § 101.

In his affidavit, Steinkritz averred that as the property manager for Chastain Park, he was familiar with the declaration for the development and that a true and correct copy of the duly recorded declaration was attached to his affidavit. The Hayeks admit that they are condominium owners in the Chastain Park development and that they are required to pay assessments pursuant to the declaration attached to Steinkritz's affidavit.

To prove the amounts owed by the Hayeks, Chastain Park sought to admit the applicable account ledger through Steinkritz, who averred that, as the property manager, he was familiar with Chastain Park's books and records, including account ledgers for individual condominium units and owners. He stated that he was familiar with the account ledger for the Hayeks and that it was made and maintained in the regular and ordinary course of business of the property management company and Chastain Park. He did not state that the entries were made at or near the time of the described events or that the entries were made by, or from information transmitted by, a person with personal knowledge and a business duty to report. Cf. *FDIC v. Sri Chakra Group, LLC*, No. 5:13-CV-268 (MTT), 2014 LEXIS 12701, at *12 (M.D. Ga. 2014) (business records properly authenticated under FRE 803 (6) where affiant states she maintains custody, control, and supervision over relevant records and is

6

personally familiar with procedures used to maintain those records, records are made in regular course of company's business at or near the time of the transactions they represent and it is the regular course of the company's business to make such records).[2]

The initial entry on the account ledger for the Hayeks is dated July 31, 2012, and is a charge in the amount of $9,599.03, entitled "balance forward." Steinkritz does not explain what is included in this charge and no documentation is attached to his affidavit showing the basis for the charge. The remaining charges are for monthly assessments, special assessments, interest, late fees, and other charges and appear to be dated when they were incurred. The ledger also shows payments by the Hayeks for monthly assessments and special assessments between August 2012 and July 2013 and a lump sum payment of $2,184.57 in September 2012. There is no indication as to how these payments were applied to the amounts owed. With the inclusion of the undefined "balance forward" and the failure to demonstrate how payments were

---

[2] "Because OCGA § 24-8-803 mirrors Rule 803 of the Federal Rules of Evidence, we will look to case law from federal courts within the Eleventh Circuit for guidance in interpreting that statute. See Ga. L. 2011, p. 99, § 1." *Ware v. MultiBank 2009-1 RES-ADC Venture, LLC*, 327 Ga. App. 245, 249 (2), n. 11 (758 SE2d 145) (2014) (citations omitted).

allocated, we are unable to determine the amount of past assessments still owed and whether interest and late payments were properly imposed and calculated.

"Where a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty." *Ware*, supra, 327 Ga. App. 245, 250 (2) (citation and punctuation omitted). Based on the current record, the amount of damages is insufficiently certain, thereby precluding summary judgment on the amount of past due assessments, late charges, and interest. See id. at 251; see also *SKC, Inc. v. eMAG Solutions, LLC*, 326 Ga. App. 798, 804 (3) (755 SE2d 298) (2014) (where documentary evidence supporting damages contains unexplained inconsistencies, summary judgment on the amount of damages is not appropriate).

2. The Hayeks claim that the award of attorney fees and expenses must be reversed because Chastain Park failed to prove the underlying debt, rendering its claim for attorney fees unreasonable and unrecoverable. Because issues of fact remain regarding the reasonableness of the fees sought, we reverse.

Chastain Park's declaration provides that if assessments and other charges remain unpaid for 30 days, Chastain Park may file suit to collect all amounts due, "including reasonable attorneys' fees actually incurred." Chastain Park's counsel

8

submitted an affidavit seeking attorney fees for time his firm spent on this case, the expenses it incurred, and court costs. The amounts sought in Winter's affidavit differ from the amounts awarded by the court on summary judgment, presumably because amounts paid by the Hayeks were applied to the attorney fees and costs, but as noted above, there is no statement as to exactly how the payments were allocated. Given those inconsistencies and the uncertainty regarding the amount of unpaid assessments for which attorney fees were incurred, we cannot determine whether the claimed fees were reasonable. Thus, we reverse the award of attorney fees and costs. See generally *Hershiser v. Yorkshire Condo. Assn.*, 201 Ga. App. 185, 186 (2) (410 SE2d 455) (1991) (evidence showing no more than amount billed by attorney is insufficient to establish reasonableness of claimed attorney fees); see also *In re Jacobs*, 324 BR 402, 409 (III) (Bankr. N.D. Ga. 2005) (fact that condominium association could lawfully exercise legal remedies upon homeowner's default does not automatically mean that attorney fees incurred in exercising those remedies are "reasonable attorneys' fees actually incurred").

*Judgment reversed. McFadden and Ray, JJ., concur.*