**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0357. CIRAS, LLC v. HYDRAJET TECHNOLOGY, LLC et
al.

MCFADDEN, Judge.

This appeal challenges the trial court's exclusion of business records at a bench
trial. Because the trial court abused its discretion in excluding the evidence, we
reverse and remand for reconsideration in light of the admissible evidence.

Ciras, LLC filed suit for breach of a promissory note and corresponding
personal guaranties against Hydrajet Technology, LLC, Mark Alexander, Abdel
Shehadeh and Nabil Mansour. Ciras moved for summary judgment, alleging that the
note in the principal amount of $750,000 and the personal guaranties had originally
been executed in favor of Wachovia Bank, that Hydrajet defaulted on the note, that
Wachovia assigned all of its rights and interests in the loan to Ciras, that after the

assignment Hydrajet made four payments to Ciras, and that Hydrajet and the guarantors then failed to make any further payments to satisfy the debt. The trial court granted summary judgment to Ciras as to the liability of all defendants. Thereafter, a non-jury trial was held solely on the issue of damages.

At trial, Ciras sought to prove damages by offering the affidavit of Margie Flight to authenticate the Wachovia bank records for the Hydrajet loan account. In her affidavit, Flight stated that she is a senior vice president and loan adjustment manager with Wells Fargo and Company; that in performing her duties she is familiar with Wells Fargo's loan accounting and record-keeping methods; that Wells Fargo acquired Wachovia in October 2008; that as part of that acquisition Wells Fargo acquired various accounts from Wachovia, including the Hydrajet loan account; that the documents attached to her affidavit as an exhibit are true and correct copies of the Hydrajet account obtained by Wells Fargo from Wachovia in the regular course of business as part of the acquisition; that Wells Fargo routinely relies on and integrates such records into its own files; and that the attached loan documents accurately reflect the payment and transaction history of the Hydrajet account.

In the last paragraph of her affidavit, Flight further averred not only that she is familiar with Wells Fargo's record-keeping, but also that she is familiar with the

manner in which Wachovia prepared and kept the attached records. She stated that the records were made at or near the time of the occurrence of the matters set forth therein by a person with knowledge of the matters; that the records were kept in the course of Wachovia's regularly conducted business; that the records were reliable.

The defendants objected to admission of the Flight affidavit and attached loan documents, but the trial court reserved ruling until after the close of the evidence. Several days after the trial, the trial court issued its final order, in which it found that the affidavit and attached loan documents were not admissible because Flight, an employee of Wells Fargo, did not have personal knowledge of the record-keeping practices of Wachovia. In the absence of the Flight affidavit and attached business records, the court concluded that there was no evidence of damages as to the three personal guarantors and entered judgment in their favor. However, the court further found that Hydrajet had made admissions in judicio as to the amount of its debt, and the court thus entered judgment in favor of Ciras against Hydrajet in the principal amount of $729,856, plus interest, late fees and attorney fees.

Ciras appeals from the final judgment, contending that the trial court erred in excluding the Flight affidavit and the attached bank records. We agree.

3

Because the bench trial on damages in this case took place in June 2014, the provisions of Georgia's new evidence code, effective January 1, 2013, apply. See Ga. L. 2011, pp. 99, 214, § 101.

> Under [OCGA § 24-8-803 (6) of] our new code, business records may be admissible as a hearsay exception: Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness, a memorandum, report, record, or data compilation, in any form if (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification.

*Ware v. Multibank 2009-1 RES-ADC Venture, LLC*, 327 Ga. App. 245, 249 (2) (758 SE2d 145) (2014) (citation, footnote and punctuation omitted).

Since OCGA § 24-8-803 mirrors Rule 803 of the Federal Rules of Evidence, we may look to federal case law for guidance in interpreting our statute. *Ware*, supra at 249 (2), n. 11. And as several federal courts have noted under the federal rule, "'employees of successor entities can authenticate business records of their predecessor entities that pass to them by virtue of merger.'" Id. at 249 (2), quoting *Federal Deposit Ins. Corp. v. Sri Chakra Group LLC*, No. 5:13-CV-268-MTT, 2014

4

U. S. Dist. LEXIS 12701, at *11 (M.D. Ga. Feb. 3, 2014). Indeed, "[i]t is not necessary that the person who actually prepared the business record testify, nor that the document be prepared by the business which has custody of it, so long as other circumstantial evidence suggests the trustworthiness of the record." *United States v. Hawkins*, 905 F2d 1489, 1494 (II) (A) (2) (11th Cir. 1990) (citation omitted). Moreover, "[f]ederal courts that have examined the trustworthiness prong of the business record exception to the hearsay rule have noted that, generally, bank records are particularly suitable for admission under Rule 803 (6) in light of the fastidious nature of record keeping in financial institutions, which is often required by governmental regulations." *Ware*, supra at 249 (2) (citations and punctuation omitted). Thus, "a successor bank can rely upon and integrate into its own business records its predecessor's business records so long as a proper foundation is laid under OCGA § 24-8-803 (6)." *Roberts. v. Community & Southern Bank*, 331 Ga. App. 364, 372 (2) (771 SE2d 68) (2015) (citation and footnote omitted).

In the instant case, the Flight affidavit establishes that the bank records in question passed to Wells Fargo as part of its acquisition of Wachovia and were integrated into its own business records. As for the trustworthiness of the records, Flight's averment that they are accurate is supported by the fact that the records

5

reflect the exact remaining principal balance of $729,856 admitted by Hydrajet. And there was no evidence presented at trial disputing that principal balance. Under these circumstances, we find that the Flight affidavit "has sufficiently authenticated those records she relied on and attached to her affidavit." *Ware*, supra (citations omitted). The documents were therefore admissible as business records. See *Roberts*, supra at 371. See also *Lockwood v. FDIC*, 330 Ga. App. 513, 516 (2) (a), n. 13 (767 SE2d 829) (2014) (when routine, factual documents made by one business are transmitted and delivered to a second business and then entered in the regular course of business of the receiving business, such documents are admissible as business records).

"It is within the trial court's discretion to determine whether a proper foundation was laid for application of the business records exception to a particular document[.]" *Roberts*, supra at 369 (2) (citations and punctuation omitted). Here, the trial court abused its discretion by finding that the business records exception does not apply to the routine bank records authenticated by the Flight affidavit as having been transferred to Wells Fargo, and integrated into its own business records, as part of the acquisition of Wachovia. Accordingly, we reverse and remand for reconsideration of the issue of damages in light of the admissible affidavit and attached records.

*Judgment reversed and case remanded. Ellington, P. J., and Dillard, J., concur.*