**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 19, 2025**

# In the Court of Appeals of Georgia

A25A0707. ELLINGTON HOMEOWNERS ASSOCIATION, INC. v. IBRAHIM.

WATKINS, Judge.

Ellington Homeowners Association, Inc., filed suit against homeowner Yussif Ibrahim, seeking to recover past-due assessments. The trial court entered a default judgment for the Association but declined to award attorney fees. The Association now appeals, arguing that the trial court abused its discretion in denying the Association's request for attorney fees. We disagree.

"We review an appeal from a trial court's ruling on a motion for default judgment for abuse of discretion."[1] Likewise, we generally apply an

---

[1] *Moore-Waters v. Met-Test, LLC*, 335 Ga. App. 761 (782 SE2d 848) (2016).

abuse-of-discretion standard "in cases involving a claim of error in the decision to award or deny attorney fees."[2]

The Association filed suit against Ibrahim in 2023, at which point he had failed to pay homeowners' assessments for four years. In its verified complaint, the Association sought a money judgment, foreclosure of its statutory lien on the property, and attorney fees under both the Declaration and the Georgia Property Owners' Association Act ("POAA").[3] Ibrahim did not answer the complaint, and the Association moved for a default judgment. As damages, the Association sought a total of $4,789.76, broken down as follows: $1,997 in principal; $318.82 in interest; $2,226.27 in attorney fees; and $247.67 in court costs.

---

[2] (Citation omitted.) *Brooks v. Hayden*, 355 Ga. App. 171, 171-172 (843 SE2d 594) (2020).

[3] The Association's governing documents, which were attached to the complaint, provide that property owners agree to pay annual and special assessments to the Association, and that "[a]ll such assessments, together with charges, interest, costs, and reasonable attorney's fees actually incurred . . . shall be a charge on the Lot and shall be a continuing lien upon the Lot against which each assessment is made." The documents further provide that the Declaration has been submitted to the POAA, which also includes a provision as to attorney fees: "To the extent that the instrument provides, the personal obligation of the lot owner and the lien for assessments shall also include . . . (3) The costs of collection, including court costs, the expenses required for the protection and preservation of the lot, and reasonable attorney's fees actually incurred[.]" OCGA § 44-3-232 (b) (3).

In support of its request for attorney fees, the Association submitted an affidavit from its attorney averring that $2,226.27 in fees were actually incurred and that the amount was reasonable in light of the nature of the work and other relevant factors. Importantly, the attorney stated that the Association's contracted rate with his firm was $225 per hour for an associate attorney and $295 per hour for a partner. As attachments, the Association submitted invoices charging as follows: $50 for "initial setup to begin legal proceedings"; $250 to prepare a foreclosure demand letter and to review the ledger and records for accuracy (with no indication of how this amount was calculated, such as whether it was based on a flat fee or on an hourly rate); $8.77 for certified mailing of the notice of suit; $67.50 for 0.3 hours of work at $225 per hour; $1,250 for preparation of the complaint and supporting documents, which was a "flat fee per retainer agreement"; $100 for "Service from special process server"; and $500 for 2 hours of work at $250 per hour.

On July 17, 2024, the trial court entered judgment for the Association. The trial court used the Final Order and Default Judgment the Association had proposed, except the court crossed out the award of attorney fees, reducing that portion to zero, and reduced the total judgment by a corresponding amount. On the last page of the

Final Order, the trial court handwrote: "The Court does not award attorney's fees in this case because the billing statement does not always reflect the time spent on each task and, in certain places, the hourly rate is at odds with the attorney's affidavit (e.g., $250 vs. $225)." Thus, the trial court entered a judgment of $2,563.49, rather than $4,789.76 as the Association had requested.

On August 7, the Association filed a motion asking the trial court to reconsider its ruling and to issue findings of fact and conclusions of law under OCGA § 9-11-52 (c). Along with this motion, the Association submitted an additional affidavit from its attorney and additional invoices — evidence which, according to the Association, "supplemented" and "augmented" the billing records it had previously submitted. In this additional affidavit, the attorney explained that pursuant to the Association's retainer agreement, certain tasks had been charged by a flat fee. And in the associated invoices, the $250 charge to draft a foreclosure letter was identified as a flat fee, while the charge for $500 — which had previously been listed as an hourly charge at a rate of $250 per hour — was changed to a flat fee.

Before the trial court ruled on the Association's motion, the Association filed an appeal from the Final Order, thereby depriving the trial court of jurisdiction to modify its judgment.[4]

On appeal, the Association argues that under its governing documents and applicable law, it is entitled to recover the reasonable attorney fees it actually incurred in its case against Ibrahim. The Association further argues that the itemized invoices it submitted were legally sufficient to support an award.

The Association is correct that under its governing documents and the POAA, which the Declaration expressly submitted to, its right to recover past-due assessments includes the right to recover "reasonable attorney's fees actually incurred[.]"[5] But to obtain such an award, the Association must submit evidence

---

[4] See *Lawyers Title Ins. Corp. v. Griffin*, 302 Ga. App. 726, 729 (1) (691 SE2d 633) (2010).

[5] OCGA § 44-3-232 (b) (3). See *Springs Condo. Assn., Inc. v. Harris*, 297 Ga.App. 507, 508 (677 S.E.2d 715) (2009) (holding, in a case concerning the Condominium Act, which is substantially similar to the POAA, that "[s]ince the undisputed evidence in this case shows that the [condominium] declaration provides that a delinquent unit owner shall be liable for reasonable attorney fees actually incurred, an award of attorney fees was mandated under the [Act]").

establishing the reasonableness of the fees it is seeking.[6] And as this Court stated

nearly three decades ago, it is a "well settled principle that actual attorney fees must

be proved."[7]

Here, as outlined above, the evidence the Association submitted in support of

its claim for attorney fees contained several internal inconsistencies,[8] and the trial

court denied the Association's request because the billing records did not always show

how much time the attorney spent on a task and sometimes charged an incorrect

hourly rate. We agree with the trial court that, given the discrepancies between the law

firm's stated hourly rates and the rates listed in the billing records, as well as the

firm's failure to identify the number of hours spent on some tasks, there was

insufficient evidence to support those fees.[9] And while the Association contends, on

---

[6] See *Hershiser v. Yorkshire Condominium Assn.*, 201 Ga. App. 185, 186 (2) (410 SE2d 455) (1991) (in Condominium Act case, reversing award of "reasonable attorney's fees actually incurred" because plaintiff failed to present sufficient evidence establishing the reasonableness of the claimed fees).

[7] *Huggins v. Chapin*, 233 Ga. App. 109, 110 (503 SE2d 356) (1998).

[8] The Association subsequently "corrected" its evidence with a "supplemental proffer[,]" but that additional evidence was not before the trial court when it entered the Final Order.

[9] See *Hayek v. Chastain Park Condo. Assn., Inc.*, 329 Ga. App. 164, 168 (2) (764 SE2d 183) (2014) (reversing award of attorney fees because "inconsistencies" in the

appeal, that the trial court abused its discretion by awarding no attorney fees rather than a reduced amount, we are not persuaded. "A proper application of the abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the . . . ruling of a trial court even though we would have gone the other way had it been our call."[10] The discrepancies identified by the trial court affected a large portion of the requested award — of the $2,226.27 the Association sought, $2,050 were based on hourly rates that did not match the firm's stated rates or on flat fees that were not explained in the supporting affidavit and that did not include any indication of the amount of time spent on the task. The trial court could have combed through the invoices and awarded only the $176.27 in fees that were consistent with the affidavit the Association submitted in support of its request, but we decline to find that the trial court abused its discretion by not doing so.

*Judgment affirmed. Barnes, P.J., and Brown, J., concur.*

---

attorney's billing records prevented the Court from determining whether the claimed fees were reasonable).

[10] (Citation and punctuation omitted.) *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014).