A02A0342. BALLEW v. SUMMERFIELD HOTEL CORPORATION et al.
(565 SE2d 844)

SMITH, Presiding Judge.

Winifred Ballew appeals from the grant of summary judgment against her in the action she brought against Summerfield Hotel Corporation d/b/a Sierra Suites and Atlanta Buckhead Sierra Associates, L.P. (collectively "the hotel"). Ballew brought suit to recover damages for personal injury suffered when she tripped and fell in the third-floor elevator lobby of the Sierra Suites Atlanta-Brookhaven hotel while a guest there. She raises eight enumerations of error, reciting various reasons she contends the trial court erred in granting the defendants' motion for summary judgment. Although we agree with Ballew that certain fact questions remain, we find that they are not material. Because we conclude that Ballew has not shown that the hotel had superior knowledge of any defect, we affirm the grant of summary judgment to the hotel.

The record shows that Ballew, who was then 72 years old, traveled to Atlanta from Illinois to visit her daughter. On the date of the accident, when Ballew walked from her third-floor room to the elevator, she tripped and fell, injuring her shoulder.

---

[14] (Citations and punctuation omitted.) *McAlister v. State*, 236 Ga. App. 609, 610 (3) (512 SE2d 53) (1999).

1. In several enumerations of error, Ballew contends the trial court erred in granting summary judgment because questions of fact remained for jury resolution. She points specifically to questions of whether the lighting in the elevator lobby was inadequate and whether the carpeting near the elevator was "loose" or "bumpy." Ballew is correct in her assertion that questions of fact remain as to these matters. Ballew presented an affidavit from Owen Posey, an electrical engineer specializing in illumination, in which Posey stated that he inspected the elevator lobby and took light measurements. He observed "numerous bumps and frayed areas" in the carpet and concluded that the lighting "was seriously below" that prescribed by the Illumination Engineering Society guidelines for hotel corridors. In addition, in Posey's opinion, the color of the carpeting reduced visibility further. Posey concluded that the combination of the inadequate lighting and the color and pattern of the carpet made it difficult for a person of Ballew's age to see the bumps and frayed areas in the carpet.

The hotel submitted the affidavit of Alysan Niles, who was the hotel's general manager at the time of Ballew's fall. In her affidavit, Niles stated that she was unaware of any defects in the floor or carpeting or of anyone tripping in the elevator lobby where Ballew fell. Niles testified on her deposition that she got down on the floor after Ballew fell, touched the carpet in front of the elevator, and "didn't see or feel anything unusual. Everything seemed fine." At the very least, then, a question of fact exists as to the condition of the carpet.

2. But Ballew was required to show that the hotel knew about any defect in the carpet.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

(a) Actual knowledge on the part of the hotel was not shown. The hotel was approximately a year old when Ballew fell, and neither the

carpeting nor the lighting had been worked on or changed since the hotel opened. The hotel had not received any complaints about either the carpet or the lighting. It was not aware of anyone falling in that location.

(b) "We have noted, however, that failure to discover the defect through the exercise of reasonable care in inspecting the premises gives rise to constructive knowledge where the owner or occupier had an opportunity to discover the dangerous condition and to remedy it." (Punctuation and footnote omitted.) *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 829 (1) (549 SE2d 784) (2001). And the duty to be diligent in making the premises safe includes a duty to inspect to discover conditions that could possibly be dangerous. *Robinson*, supra at 740. "An owner/occupier is on constructive notice of what a reasonable inspection would reveal." (Footnote omitted.) *Jackson v. Waffle House*, 245 Ga. App. 371, 373 (1) (537 SE2d 188) (2000).

Since it is undisputed that neither the carpeting nor the lighting had been worked on since the hotel opened, a jury could infer that the defects, if they existed, could have been there for a sufficient time for an inspection to discover and correct them. *Jackson*, supra. But the hotel presented evidence that although no written policy existed with regard to inspections, routine inspections were, in fact, performed on a daily basis, and no defects were found. Ballew therefore has not shown that the hotel had constructive knowledge of any alleged defect.

3. In addition, Ballew's own deposition testimony shows that the alleged defect was extremely difficult to see. Ballew herself testified that she did not observe any "bumps" in the carpet before her fall, and even after she fell she did not detect a problem until she began feeling the carpet with her hands. The hotel's manager got down on the floor and touched the carpet in the area where Ballew fell and did not notice any bumps. "Constructive knowledge can only be inferred with proof that the proprietor or its agent could have easily discovered and corrected the alleged hazard. [Cit.]" *Lindsey v. Ga. Bldg. Auth.*, 235 Ga. App. 718, 720 (1) (509 SE2d 749) (1998). No such proof was presented. In fact, the evidence shows otherwise. If the alleged defect was difficult for Ballew to see, she could not establish that hotel employees could have seen it easily and removed it. See *Padilla v. Hinesville Housing Auth.*, 235 Ga. App. 409, 411-412 (509 SE2d 698) (1998) (no constructive knowledge shown when plaintiff cannot show that inspection would have detected alleged defect).

4. Finally, Ballew has not shown that she was without knowledge of the defects she alleges, which is the second prong of the *Robinson* test. Ordinarily, in premises liability cases, the plaintiff need not "shoulder the burden" on this issue until the defendant

shows that the plaintiff "intentionally and unreasonably exposed" herself to a danger of which she either knew or in the exercise of ordinary care should have known. *Robinson*, supra at 749. But it is well established that "a claim involving a static defect differs from other slip and fall cases. When a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) *Wood v. Winn-Dixie Stores*, 244 Ga. App. 187, 189 (534 SE2d 556) (2000). In this case, it is clear that Ballew traversed the area in which she fell at least one time previously, if not more. Ballew had been treated previously for memory loss, and she testified on her deposition that she did not know when she arrived at the hotel or how many days she had been there when she fell. Ballew testified that she spent the entire day in her room, "smoking and watching TV," because her daughter objected to smoking and she "wanted to get all of the smoking in" before she met her daughter. She conceded in her testimony that it was "possible" she may have traversed the area several more times. Clearly, however, she traversed the area when she first arrived at the hotel. Because this was a static defect and Ballew had traversed the area at least once before her fall, the law presumes that she knew or should have known of the alleged defect. *Febuary v. Averitt Properties*, 242 Ga. App. 137, 140 (2) (a) (528 SE2d 880) (2000).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 22, 2002.

*Marci R. Rosenberg*, for appellant.
*Misner, Scott & Grate, Neal C. Scott*, for appellees.