A03A0964. QUARLES v. GEORGIA SERVICE SYSTEMS, LLC.
(588 SE2d 338)

RUFFIN, Presiding Judge.

Bette Quarles sued Georgia Service Systems, LLC, d/b/a Western Sizzlin, ("the restaurant") for negligence, claiming that she was injured when she slipped and fell on a mat as she exited the restaurant. The restaurant moved for summary judgment, which the trial court granted. Quarles appeals, and for reasons that follow, we affirm.

A trial court properly grants summary judgment when there is no genuine issue of material fact and the facts, construed most favorably to the nonmoving party, demonstrate that the moving party is entitled to judgment as a matter of law.[1] Viewed in this light, the record shows that, on February 17, 2001, Johnny Miller opened the restaurant at approximately 11:00 a.m. Shortly before opening, Miller, who owns the restaurant, "conduct[ed] a walk-through inspection of the grounds surrounding the restaurant," including the mats

---

in front of the restaurant doors. According to Miller's affidavit, he "did not see any wrinkled or crumpled places in the mats."

At noon, Quarles entered the restaurant for lunch. Before receiving her food, she realized that she had left in her car certain documents that she needed to review. Thus, Quarles decided to return to her car to get the paperwork. As she was exiting the restaurant, however, she tripped and fell. Quarles testified on deposition that just outside the exit door, she tripped over a mat, which she described as "rumpled [and] crumpled." Specifically, Quarles said that she caught her foot on a wrinkle in the mat and was unable to regain her balance because that mat and an adjacent mat were wet as a result of heavy thunderstorms earlier in the day.[2]

Quarles sued the restaurant, which moved for summary judgment. In its motion, the restaurant asserted that it was entitled to judgment as a matter of law because it had neither actual nor constructive knowledge of any defect in the mat. The trial court granted the motion, finding that Quarles "failed to demonstrate [that the restaurant] knew, or should have known, of the crumple in the mat." We agree.

As a general rule, "proof of a fall, without more, does not give rise to liability on the part of a proprietor."[3] "[T]o presume that because a customer falls in a [restaurant] that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety."[4] Thus, in order to hold the proprietor liable, the customer must show that the proprietor has "superior knowledge of a condition that may expose the invitees to an *unreasonable risk* of harm."[5] Such knowledge may be either actual or constructive.[6]

It is undisputed that the restaurant lacked actual knowledge. Accordingly, any liability must be predicated on constructive knowledge. As this Court has noted, a proprietor's " 'failure to discover the defect through the exercise of reasonable care in inspecting the premises gives rise to constructive knowledge where the owner or occupier had an opportunity to discover the dangerous condition and to remedy it.' "[7]

---

[2] On appeal, Quarles argues that she fell because the mats were wet. This argument is not supported by the record. Also, "[u]nder Georgia law, a slippery condition caused solely by rainwater is not a hazard because it presents no unreasonable risk of harm." Id. at 901. Here, Quarles cites no evidence that any condition of the mat – other than simple rainwater – made it hazardous when wet.

[3] Id. at 901.

[4] (Punctuation omitted.) *Hudson v. J. H. Harvey Co.*, 244 Ga. App. 479, 480-481 (536 SE2d 172) (2000).

[5] *Emory Univ.*, supra.

[6] See *Ballew v. Summerfield Hotel Corp.*, 255 Ga. App. 494, 495 (2) (565 SE2d 844) (2002).

[7] Id. at 496 (2) (b).

Quarles contends that the restaurant's lack of a "standardized inspection procedure" demonstrates its constructive knowledge. But this contention is belied by the record. "The evidence must establish an adherence to customary inspection . . . procedures on the day in question and not simply that such procedures exist."[8] Here, Miller testified that he has "instituted a general inspection procedure of conducting a walk-through inspection of the grounds surrounding the restaurant prior to the opening of the restaurant for business." Miller further testified that he followed this procedure on the day Quarles fell, and he saw no wrinkles in the mats outside the restaurant.

Arguably, Quarles contends that the restaurant should be required to inspect the premises more frequently. Indeed, "[t]his Court has previously held that when the nature of a business is likely to produce a spill or other hazard, frequent inspections may be necessary."[9] If, however, the slip and fall occurs in an area that the proprietor has no reason to believe is dangerous, the proprietor is under no duty to constantly inspect the area.[10] In this case, Miller testified that the mats had been in front of the restaurant for at least two years before Quarles' fall and that, to his knowledge, no other person has tripped or fallen over the mats. Quarles also is the only person who has ever complained about wrinkled mats. In fact, on the day Quarles fell, the restaurant served approximately 955 meals, and no other patron reported any problem with the mats. Finally, the record shows that Miller inspected the mats and saw no hazard approximately one hour and fifteen minutes before the fall. Under these circumstances, the restaurant's inspection procedures were reasonable, and Quarles has failed to demonstrate constructive knowledge.[11] It follows that the trial court did not err in granting the restaurant's motion for summary judgment.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED OCTOBER 7, 2003.

*Goddard, Thames, Hammontree & Bolding, Matthew D. Thames,* for appellant.

*Magruder & Sumner, John A. Owens,* for appellee.

---

[8] *Higgins v. Food Lion,* 254 Ga. App. 221, 223 (561 SE2d 440) (2002).

[9] *Crook v. RaceTrac Petroleum,* 257 Ga. App. 179, 181 (570 SE2d 584) (2002).

[10] See *Patrick v. Macon Housing Auth.,* 250 Ga. App. 806, 812-813 (552 SE2d 455) (2001).

[11] See *Ballew,* supra.