A07A0632. VALENTIN v. SIX FLAGS OVER GEORGIA, L.P.
(649 SE2d 809)

BERNES, Judge.

In this premises liability action, Maria Valentin alleges she injured her knee when a mat slipped beneath her and caused her to fall as she exited the "Thunder River" water ride at the Six Flags Over Georgia amusement park. Valentin contends that Six Flags failed to adequately secure and inspect the mat on which she slipped and fell. The trial court granted summary judgment in favor of Six Flags, and Valentin appeals. Because the record before us reveals genuine issues of material fact regarding Six Flags' liability, we are constrained to reverse.

Georgia precedent is clear that

as a general proposition, issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication[,] but should be resolved by trial in the ordinary manner. The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable.

(Citations and punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 739 (1) (493 SE2d 403) (1997). We conduct a de novo review and

must "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that Valentin was wet when she descended the stairway of the "Thunder River" water ride and stepped upon a rubber mat laying atop the wooden floorboards. The mat rolled and slid underneath Valentin, causing her to slip and fall and injure her knee.[1] When Valentin stood up from the fall, her hands and clothes were covered with a green, slimy substance which appeared to be mildew. Valentin saw this same substance underneath the surface of the rolled up mat. According to Valentin, the surface beneath the mat "was full of mildew, all green, [and] sticky."

Valentin contends the mat was not secured and that the mildew underneath the mat caused it to slide. She maintains that while she was generally aware that she had to take precautions to guard against falling on the wet surfaces around the water ride, she could not guard against this particular hazard because she was unaware of the mildew that had accumulated underneath the mat. Valentin claims that had Six Flags properly inspected and secured the mat, the hazard posed by the slippery mildewed surface beneath the mat could have been discovered and alleviated.

A proprietor has a statutory duty to exercise ordinary care to keep its premises safe. OCGA § 51-3-1. This duty "includes inspecting the premises to discover possible dangerous conditions of which the [proprietor] does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." *Robinson*, 268 Ga. at 740 (1).

> In order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and

---

[1] Six Flags contends that the mat contained surface water which came from rain that had fallen earlier that day as well as from the dripping wet "Thunder River" riders. Valentin, however, argues that she did not slip on a wet surface on top of the mat. Rather, she claims that the mat itself slid on the underlying wooden surface, and that this surface was wet and slippery with mildew.

unreasonably exposed [himself or herself] to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

(Citation and punctuation omitted.) *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (1) (500 SE2d 353) (1998). See also *Robinson*, 268 Ga. at 736 (1); *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). "Floor mats subject to periodic folding, bunching, rolling, and shifting can constitute hazards for which landowners may be liable." (Citations and punctuation omitted.) *Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602, 603 (1) (492 SE2d 343) (1997). See also *Jet Food Stores v. Kicklighter*, 226 Ga. App. 552, 553 (1) (487 SE2d 120) (1997).

In granting summary judgment in favor of Six Flags, the trial court concluded that there was no evidence that Six Flags had actual or constructive knowledge of any alleged hazard in the area. We agree that there is no evidence to suggest that either party had actual knowledge of the hazard caused by the sliding mat.[2] We cannot agree, however, that there is no evidence that Six Flags had constructive knowledge of the hazard.

Six Flags was under a duty to inspect for dangerous conditions existing on the premises. *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 31 (378 SE2d 154) (1989). Breach of that duty would authorize the imposition of liability against Six Flags for negligence predicated on its constructive knowledge of the alleged hazard. "[A] proprietor's failure to discover the defect through the exercise of reasonable care in inspecting the premises gives rise to constructive knowledge where the owner or occupier had an opportunity to discover the dangerous condition and to remedy it." (Punctuation and footnote omitted.) *Quarles v. Ga. Svc. Systems*, 263 Ga. App. 563, 564 (588 SE2d 338) (2003).

In this case, the evidence reflects that Six Flags had a duty to provide a secure slip resistant walking surface in the area in order to keep its premises safe.[3] There is a question of fact, however, as to

---

[2] The trial court relied upon Valentin's testimony that the mat "appeared to be normal" when she stepped on it. The trial court's reliance upon this testimony, however, was misplaced because the problematic mildew allegedly existed underneath the mat, and thus was not a visible defect. Valentin was not obliged to inspect the premises to discover latent defects nor even to observe all patent defects. *Oliver v. Complements, Ltd.*, 190 Ga. App. 30, 31 (378 SE2d 154) (1989).

[3] The evidence also supports an inference that Six Flags was aware of its duty to provide a higher traction surface to protect against the hazard of slipping and that the mat could slide and roll if it was not properly secured. Six Flags' construction and maintenance manager, Nelson Boyd, testified that the conveyor belt material was used as a runner and mat in the area to provide higher traction for the wet surface near the water ride. Six Flags' operations manager, Kenry Pierce, testified that he was not responsible for installing and maintaining the

whether Six Flags breached its duty by failing to conduct a reasonable inspection that would have allowed for discovery and remedy of the alleged unsecured mat and mildew hazard in the area.

Valentin gave deposition testimony relating the incident and describing the sliding, mildewed condition of the mat on that date. In support of its motion for summary judgment, Six Flags presented the deposition testimony of its construction and maintenance manager, Nelson Boyd, and its operations manager, Kenry Pierce. Significantly, although Boyd and Pierce were the only Six Flags employees who gave deposition testimony that has been included in the record, neither of them inspected the area on the date of the incident and they did not know the condition of the mat on that date. As such, given the current state of the record, Valentin's testimony that the mat was in an unsecured, slippery, mildewed condition on the date of the incident stood unrebutted.

Nor was there any evidence that Six Flags followed a reasonable inspection procedure on the date of the incident. "The evidence must establish an adherence to customary inspection procedures on the day in question and not simply that such procedures exist." (Punctuation and footnote omitted.) *Quarles*, 263 Ga. App. at 565. Six Flags' operations manager, Pierce, explained the general inspection procedure for checking the safety of the ride and the surrounding area. However, Pierce was not the employee who performed the actual inspection on the date of the incident, and therefore, he could not attest that there had been adherence to that inspection procedure. Since Six Flags did not submit affidavits or depositions from the employee or employees who actually carried out the purported inspections, an inference may be drawn that they had at least constructive knowledge of the hazard but negligently failed to remove it. See *Straughter*, 232 Ga. App. at 30-31 (1).

It is true that Six Flags also presented a ride safety checklist indicating that on the date of the incident, two inspections of the area occurred and revealed that all stairs and walkways were "intact and free of obstructions" and "[a]ll non-skid surfacing [was] in good condition." But, the ride safety checklist was not authenticated as a business record, and, therefore, it was merely inadmissible hearsay that could not be considered as evidence in support of the motion for summary judgment. See *Straughter*, 232 Ga. App. at 30-31 (1); *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501, 504 (3) (591 SE2d 374) (2003) ("All hearsay evidence, unsupported conclusions, and the

---

mat, but he "assume[d]" that it would be bolted down. See *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791, 792-793 (504 SE2d 198) (1998); *Jet Food Stores*, 226 Ga. App. at 553 (1).

like, must be stricken or eliminated from consideration in a motion for summary judgment.") (punctuation and footnote omitted).

Moreover, evidence that the hazard was a mildew substance allows for an inference that the hazard was permitted to exist in the area for an unreasonable period without being remedied, and therefore, creates a genuine issue of material fact over whether the alleged inspection was adequate. See *Davis v. Piedmont Hosp.*, 222 Ga. App. 97, 98 (473 SE2d 531) (1996). "Where an obstruction is in some way hidden, camouflaged or intrinsically unsafe, the question of ordinary care in inspecting the premises should be one for the jury." (Citation and punctuation omitted.) *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884, 887 (2) (476 SE2d 631) (1996). Under these circumstances, whether the hazard was discoverable upon a reasonable inspection is an issue necessitating jury resolution. See *Wallace v. Nissan of Union City*, 240 Ga. App. 658, 659-660 (1) (524 SE2d 542) (1999). See also *Gunter v. Patterson Bank*, 247 Ga. App. 555, 558-559 (544 SE2d 735) (2001).

Finally, while Six Flags claims that it was not made aware of any problems with the walkway area prior to the incident, "[t]he fact that there had been no prior incidents or complaints concerning the [mat] does not absolve appellees of liability. . . . A prior fall is not a necessary precursor to knowledge that a [sliding] mat poses a hazard." (Citation and punctuation omitted.) *Whatley*, 228 Ga. App. at 605 (1). "Based on [Valentin's] description of the material in which she slipped as being of organic origin such as caused by a lack of proper drainage, we must conclude that [she] has presented some evidence of [Six Flags'] constructive knowledge of the substance." *Davis*, 222 Ga. App. at 98.

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 11, 2007.

*Donald W. Singleton, Charles M. Cork III*, for appellant.
*Carlock, Copeland, Semler & Stair, Heather H. Miller*, for appellee.