**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 2, 2015**

# In the Court of Appeals of Georgia

A14A2282. TRIPLE T-BAR, LLC d/b/a FINAL MARKDOWN et
al. v. DDR SOUTHEAST SPRINGFIELD, LLC.

MILLER, Judge.

DDR Southeast Springfield, LLC ("DDR"), as successor in interest, filed suit to recover the outstanding balance on an lease agreement executed by Triple T-Bar, LLC, and guaranteed by Todd and Barbara Blackwell. After the trial court entered a consent judgment against Triple T-Bar, DDR moved for summary judgment on the ground that the Blackwells were personally liable under the guaranty. The trial court granted DDR's motion, and the Blackwells appeal, contending that the trial court erred in granting DDR's motion for summary judgment because DDR failed to establish that the lease agreement and guaranty were admissible business records and

there were questions of fact as to whether the guaranty was enforceable.[1] For the reasons set forth below, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citation omitted.) *Angel Business Catalysts, LLC v. Bank of the Ozarks*, 316 Ga. App. 253, 254 (728 SE2d 854) (2012).

So viewed, the evidence shows that in November 2006, Triple T-Bar entered into an agreement with Inland Southeast Springfield, LLC ("Inland"), to lease a commercial property in Lawrenceville until February 2012. The lease was signed by both Blackwells as representatives of Triple T-Bar, the Blackwells were identified in the lease as the guarantors, and the Blackwells' personal guaranty was attached to the lease and incorporated therein by reference. The guaranty cross-referenced the lease agreement, again identified the Blackwells as the guarantors, and also identified Inland as the landlord and Triple T-Bar as the tenant. In February 2007, DDR acquired Inland and became the landlord of the property.

---

[1] The judgment against Triple T-Bar is not challenged.

In April 2007, Triple T-Bar's rent payment check was returned for insufficient funds. Triple T-Bar then failed to pay rent for the months of April 2008 and September 2008, and it made its last rent payment in October 2008. In February 2009, Triple T-Bar closed its business operations and vacated the premises without DDR's consent, in violation of the lease agreement. When Triple T-Bar failed to re-open for business and pay past due rent as DDR requested, DDR filed suit against the Blackwells and Triple T-Bar.

1. The Blackwells contend that the trial court erred in granting summary judgment to DDR because DDR did not lay a foundation to admit the lease and the guaranty into evidence. We discern no error.

Under OCGA § 24-8-803, business records may be admissible as an exception to the hearsay rule. The statute provides that

> a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, if (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness[.]

OCGA § 24-8-803 (6).

In support of its summary judgment motion filed on May 24, 2013, DDR submitted the affidavit of its assistant general counsel and attached to the affidavit the lease agreement and the guaranty. In her affidavit, the assistant general counsel offered no testimony establishing her familiarity with DDR's method of keeping business records, her personal knowledge about any of the transactions, or that the lease and guaranty were made in the regular course of business. As a result, DDR's assistant general counsel failed to lay a proper foundation in her initial affidavit to admit the lease and the guaranty as business records. See, e.g., *Nalley Northside Chevrolet v. Herring*, 215 Ga. App. 185, 186-187 (3) (450 SE2d 452) (1994) (records attached to affidavit should not have been admitted as business records where affiant offered no testimony establishing his knowledge with the business's method of keeping records or about the transactions, and provided no facts showing that the entries were made in the regular course of business).

Nevertheless, in a reply brief in support of its motion for summary judgment, DDR attached a second affidavit from its assistant general counsel that cured the defects in her initial affidavit. Notably, in her second affidavit, the assistant general counsel averred that she was familiar with DDR's record keeping, lease files were maintained in DDR's regular course of business, and DDR acquired the lease

4

agreement in this case after merging with Inland. "[E]mployees of successor entities can authenticate business records of their predecessor entities that pass to them by virtue of merger." (Citation and punctuation omitted.) *Ware v. Multibank 2009-1 RES-ADC Venture, LLC*, 327 Ga. App. 245, 249 (2) (758 SE2d 145) (2014); see also *Angel Business Catalysts*, supra, 316 Ga. App. at 255-256 (1) (holding that, when "routine, factual documents made by one business are transmitted and delivered to a second business and there entered in the regular course of business of the receiving business, such documents are admissible" as business records). This second affidavit was sufficient to lay a foundation. Therefore, the lease agreement and attached guaranty were properly admitted as business records.

The Blackwells argue that the trial court should not have considered the second affidavit because it was not timely filed.

> OCGA § 9-11-56 (c), which requires that a motion for summary judgment be served at least 30 days before the time fixed for a hearing, and OCGA § 9-11-6 (d), which requires that when a motion is supported by affidavit, the affidavit shall be served with the motion, have been construed together to mean that an affidavit relied on in support of a motion for summary judgment must be on file for at least 30 days prior to the hearing.

(Citations and footnotes omitted.) *Cordell v. Bank of North Ga.*, 295 Ga. App. 402, 405 (1) (b) (672 SE2d 429) (2008). In this case, neither party requested a hearing on

5

DDR's motion for summary judgment and no hearing was held. Consequently, the 30-day statutory period for filing the affidavit did not apply. See *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 313 (2) (a) (724 SE2d 33) (2012).

Nevertheless, the requirement under OCGA § 9-11-6 (d) that an affidavit supporting a motion be served contemporaneously with the motion "is to ensure that the other side has adequate notice of and opportunity to respond to such evidence." (Citation and punctuation omitted.) *Alcatraz Media v. Yahoo! Inc.*, 290 Ga. App. 882, 884-885 (1) (b) (660 SE2d 797) (2008). However, "[t]rial courts may consider affidavits which are not filed or served within the time limits contemplated by the statutes, and it is not necessary to note the exercise of discretion on the record." (Citations and footnotes omitted.) *Kropp v. Roberts*, 246 Ga. App. 497, 499 (540 SE2d 680) (2000).

Here, DDR submitted its second affidavit on July 29, 2013, and the trial court entered its summary judgment order on March 25, 2014. It is apparent that in granting summary judgment to DDR, the trial court considered the second affidavit because it stated that it had the briefs of the parties, all other pleadings in the case, and the record before it. Since DDR submitted the second affidavit almost eight months before the entry of the summary judgment order, the Blackwells were not surprised

6

by its filing. In the absence of evidence in the record to the contrary, we must presume the trial court acted correctly. See *Shropshire*, supra, 314 Ga. App. at 314 (2) (a). Therefore, no error has been shown by the trial court's consideration of the second affidavit.

2. The Blackwells also contend that the trial court erred in granting summary judgment to DDR because the guaranty is incomplete and the Blackwells did not intend to be personally liable for the lease. The Blackwells' claim has no merit.

"Under Georgia's Statute of Frauds, a personal guaranty of a debt is not enforceable unless it is in writing, is signed by the party being charged as the guarantor, and identifies the debt, the principal debtor, the promisor, and the promisee." (Citations omitted.) *Lafarge Bldg. Materials, Inc. v. Thompson*, 295 Ga. 637, 639 (2) (763 SE2d 444) (2014); see also OCGA § 13-5-30 (2) ("A promise to answer for the debt, default, or miscarriage of another" is not binding on the promisor unless it is in writing and signed by the promisor.).

Here, the lease and guaranty both identify the Blackwells as the guarantors; the guaranty was incorporated into the lease; and the guaranty provided that it served as an inducement for Inland to enter into the lease, as Inland would not have entered into

7

the lease with Triple T-Bar had the Blackwells not executed the guaranty. The guaranty also provided that the Blackwells

> absolutely, unconditionally, and irrevocably guarantees to [Inland] . . . the full and punctual performance and observance by [Triple T-Bar] of all the terms, conditions, covenants, and obligations to be performed and observed by [Triple T-Bar] under the Lease . . . including, without limitation, the payment as and when due, whether by acceleration or otherwise, of all Minimum Rent and Additional Rent (both as defined in the Lease) and any other sums payable by [Triple T-Bar] under the Lease[.]

The guaranty further provided that it was a continuing obligation that could not be impaired, diminished, or terminated for any reason.

The Blackwells' argument that the guaranty is unenforceable because it was not dated is meritless because the guaranty provided that it was executed contemporaneously with the lease, which was signed on November 8, 2006. The Blackwells further argue that the guaranty is not enforceable because they did not initial every page and the document was not notarized, but they point to no authority holding that these omissions render the guaranty unenforceable. The Blackwells' signatures are plainly on the guaranty and the signatures are not alleged to be forged. Therefore, the Blackwells are charged with knowledge of and are bound by the terms

8

of the guaranty. See *Megel v. Donaldson*, 288 Ga. App. 510, 516 (5) (654 SE2d 656) (2007).

Given that the guaranty was in writing, it identified all of the essential parties and obligations, and the Blackwells signed the guaranty, there is no question of fact that DDR, as the successor in interest to the promisee, was entitled to enforce the guaranty and hold the Blackwells personally liable for Triple T-Bar's debt. See *C.L.D.F. Inc. v. Aramore LLC*, 290 Ga. App. 271, 273-274 (1) (659 SE2d 695) (2008) (concluding that the guaranty contemporaneously executed and incorporated into lease was enforceable). Accordingly, the trial court properly granted summary judgment to DDR.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur*.