**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 26, 2016**

# In the Court of Appeals of Georgia

A15A1823. MATTHEWS v. WELLS FARGO BANK, NATIONAL
    ASSOCIATION.

MCFADDEN, Judge.

This appeal challenges the trial court's admission of business records at a bench trial. Because the trial court did not abuse his discretion in admitting the records, we affirm.

Wells Fargo Bank, National Association filed suit for breach of a promissory note against Dianne C. Matthews a/k/a Dianne Koulouvaris. Matthews originally executed the note in favor of Wachovia Bank, which later merged with Wells Fargo. Matthews failed to timely answer the complaint. The trial court entered default on the issue of Matthews's liability and held a non-jury trial solely on the issue of damages.

Matthews had borrowed from Wachovia and made all of her payments to Wachovia, and at trial, Wells Fargo sought to prove damages by calling as a witness Jill Freel to authenticate the Wachovia records for Matthews's loan. Freel testified that she is an operation analyst for Wells Fargo; that in performing her duties she is familiar with Wells Fargo's record-keeping practices; that she is familiar with the 2010 merger of Wells Fargo and Wachovia; that a transaction statement from Matthews's account was prepared in the regular course of business and reflected all the payments she had made; and that Wells Fargo had the records underlying the transaction statement.

Matthews objected to the admission of the transaction statement on the ground that Freel, an employee of Wells Fargo, did not have personal knowledge of the record-keeping practices of Wachovia. The court denied the objection, admitted the document, and entered judgment in favor of Wells Fargo for $261,475.21. Matthews appeals from the final judgment, arguing that the trial court erred in admitting the transaction statement because Freel's testimony was insufficient to establish a foundation for its admission.

Under OCGA § 24-8-803 (6) of Georgia's Evidence Code,

a business record is admissible as an exception to the hearsay rule if: the record was made at or near the time of the described act; the record was made by a person with personal knowledge and a business duty to report; the record is admitted through the testimony of a qualified witness; the record was kept in the course of a regularly conducted business activity; the record was made as part of the [business's] regular business activity; and the source of information or the method or circumstances of preparation do not indicate a lack of trustworthiness.

*Wallace v. State*, __ Ga. App. __, __ (3) (__ SE2d __) (2015) (Case No. A15A0789, decided Nov. 16, 2015) (citation omitted). We review the trial court's admission of evidence under this rule for an abuse of discretion. Id.

Matthews argues that Freel's testimony was insufficient to admit the transaction statement because she testified that she had no knowledge about how Wachovia kept its loan history, payment records, or the records set forth in the transaction statement. "We have consistently rejected similar arguments in the past." *Ware v. Multibank 2009-1 RES-ADC Venture*, 327 Ga. App. 245, 248 (2) (758 SE2d 145) (2014) (citations omitted). Instead, in construing OCGA § 24-8-803 (6), we have followed the rule that employees of successor entities can authenticate business records of their predecessor entities that pass to them by virtue of merger. See id. at 249 (2) (citing *Fed. Deposit Ins. Corp. v. Sri Chakra Group LLC*, No. 5:13-CV-268-

3

MTT, 2014 U. S. Dist. LEXIS 12701, at *11 (M. D. Ga. Feb. 3, 2014). This is particularly true with bank records, "in light of the fastidious nature of record keeping in financial institutions, which is often required by governmental regulations." *Ware* at 249 (2) (citations omitted).

Matthews attempts to distinguish this case from similar cases on the ground that Freel affirmatively testified that she had no understanding of how Wachovia kept its loan transaction records or how those records were integrated into the Wells Fargo system. But "[t]he testifying witness does not need firsthand knowledge of the contents of the records, of their authors, or even of their preparation." *Curtis v. Perkins*, 781 F3d 1262, 1268 (II) (B) (11th Cir. 2015) (citations omitted). Thus the fact that Freel never worked at Wachovia and did not have firsthand knowledge of its record-keeping practices does not mean that she could not authenticate Wachovia's business records. Freel testified that she knew how the transaction statement was prepared, that it was made and kept in the regular course of the bank's business activity, and that it was the bank's regular business practice to make and keep such records. Freel testified that she had no reason to believe that Wachovia's records were inaccurate, based on her experience working with the transfer of files from Wachovia to Wells Fargo. She further testified that while she was not familiar with the physical

transfer of Wachovia's files to Wells Fargo, she was familiar with the transfer of transaction histories. Given this testimony, the trial court did not abuse his discretion in determining that Wells Fargo established a sufficient foundation for the admission of the transaction statement. *Triple T-Bar, LLC v. DDR Southeast Springfield, LLC*, 330 Ga. App. 847, 848-849 (1) (769 SE2d 586) (2015).

Matthews argues that because the trial court should not have admitted the transaction statement, which was Wells Fargo's only evidence of damages, she was entitled to a direct verdict. We reject this argument in light of our conclusion that the trial court properly admitted the transaction statement.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*