**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**December 19, 2025**

# In the Court of Appeals of Georgia

A25A2032. BROWN v. SERVICE CREDIT UNION.

BARNES, Presiding Judge.

Proceeding pro se, Carlos A. Brown appeals from the trial court's order granting summary judgment to Service Credit Union ("SCU") on its suit against him to collect a credit card debt. Brown argues that the trial court erred in granting summary judgment in favor of SCU because SCU failed to establish its claim through properly authenticated, admissible business records. Brown further argues that the trial court erred in denying his motion for reconsideration of the court's order denying his motion to compel discovery by applying the wrong legal standard. For the reasons discussed below, we affirm the trial court's order denying Brown's motion for reconsideration but reverse its order granting SCU's motion for summary judgment.

The record reflects that in October 2023, SCU brought the present action against Brown for breach of a credit card agreement, alleging that Brown applied for and obtained a Visa credit card from SCU and thereafter defaulted on his obligations by failing to make payments on his account when due. Brown answered, admitting that he applied for the credit card but disputing that he had defaulted on his obligations or had an outstanding unpaid balance on his account.[1]

SCU subsequently moved for summary judgment. In support of its motion, SCU relied on the affidavits of two of its employees: Kalie Knowlton, a "Legal Specialist," and Michelle Langley, a "Bankruptcy/Legal Specialist." Knowlton and Langley relied on credit card statements and other account documents allegedly associated with Brown's account to support their affidavit testimony, and both of them recited that they had "knowledge of SCU's method of keeping records" and had "access to and knowledge of records kept in the ordinary course of SCU's business, including the records regarding . . . Brown in the [present] proceeding." As to the

---

[1] Brown later sought to assert counterclaims, but the trial court dismissed them as untimely filed. On appeal, Brown does not address the trial court's dismissal of his counterclaims as untimely and thus has abandoned any claim that the court erred in that ruling. See *Massey v. State Farm Fire & Cas. Co.*, 363 Ga. App. 588, 592 (871 SE2d 685) (2022).

credit card statements, Knowlton averred that "SCU maintains copies of the monthly statements showing [Brown]'s use of [his account] from January of 2006 through the date [his account] was closed," but that the statements were not attached to her affidavit because they were "voluminous." Langley averred that "[m]onthly credit card statements were maintained in [SCU's] business records" and that the "monthly credit card statements" that SCU had separately filed in the trial court in response to interrogatories propounded by Brown were "incorporated herein by reference." Additionally, to establish the outstanding balance on Brown's account, Langley relied on a January 2024 credit card statement, which he averred was "attached hereto as Exhibit 1" and was "included with the statements filed with the [trial court]" in response to the interrogatories.

Brown opposed SCU's motion for summary judgment, arguing, among other things, that Knowlton and Langley had failed to properly authenticate the credit card statements and other account documents upon which they relied in their affidavits. Brown contended that neither Knowlton nor Langley laid a proper foundation for admission of the account documents as business records under OCGA § 24-8-803 (6)

("Rule 803") and that SCU therefore had not submitted any non-hearsay, admissible evidence to establish its claim.

After conducting a hearing, the trial court granted summary judgment to SCU and entered final judgment against Brown. The trial court found that the uncontroverted evidence presented by SCU showed that Brown defaulted on his credit card account and owed the amounts asserted by SCU, plus interest that continued to accrue.

On the same day that the trial court granted summary judgment to SCU, the trial court entered a separate order denying Brown's motion for reconsideration of a prior court order that had denied Brown's motion to compel discovery and request for sanctions. The trial court found that whether to grant the motion for reconsideration was within its "sound discretion," and the court concluded that Brown's motion was "unwarranted as [he] has failed to establish that the [c]ourt overlooked a material fact in the record, a statute, or decision, which is controlling authority, and which would require a different result from that rendered, or that the [c]ourt misapplied a provision of law or controlling authority."

4

1. Brown argues that the trial court erred in granting summary judgment to SCU because it failed to present properly authenticated, admissible business records to support its claim. We agree with Brown.

"On appeal from a trial court's grant of summary judgment, we conduct a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party." *Roberts v. Community & S. Bank*, 331 Ga. App. 364, 364 (771 SE2d 68) (2015) (citation and punctuation omitted). Summary judgment is appropriate only if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56(c). "Where the party moving for summary judgment is the plaintiff, he must make a prima facie showing that no material issues of fact exist and that he is entitled to judgment as a matter of law before the burden shifts to the defendant to establish a possible defense." *Tselios v. Sarsour*, 341 Ga. App. 471, 473 (800 SE2d 636) (2017).

To make a prima facie showing that it was entitled to summary judgment against Brown on the credit card account, SCU "was required to show that [Brown] entered into an agreement or established an account with [SCU], accumulated a balance and failed to pay." *Melman v. FIA Card Svcs.*, 312 Ga. App. 270, 272 (2) (718

SE2d 107) (2011). Although SCU "was not required to produce the agreement that accompanied any credit cards . . . to prove the existence of [Brown's] liability for the credit [card] debt," SCU had to submit copies of any "records [it] relied upon and referred to that were pertinent to [Brown's] debt." *Brancewicz v. SMS Financial P*, 361 Ga. App. 81, 85 (862 SE2d 744) (2021) (citation and punctuation omitted).

Moreover, it is well established that the "[a]dmissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally. Affidavits purporting to establish the amount of a debt without accompanying business records, where appropriate, are insufficient to sustain summary judgment." *PraultShell v. River City Bank*, 366 Ga. App. 70, 76 (1) (b) (880 SE2d 616) (2022) (citation and punctuation omitted). And affidavit testimony based on the content of business records constitutes inadmissible hearsay if the records are not properly authenticated. *Sanders v. TD Auto Finance*, 366 Ga. App. 376, 378–79 (1) (883 SE2d 53) (2023).

Rule 803 (6)[2] provides for the admission of business records as an exception to the rule against hearsay when a proper foundation is laid. Under that rule,

> a business record is admissible as an exception to the hearsay rule if: the record was made at or near the time of the described act; the record was made by a person with personal knowledge and a business duty to report; the record is admitted through the testimony of a qualified witness; the record was kept in the course of a regularly conducted business activity; the record was made as part of the business's regular business activity; and the source of information or the method or circumstances of preparation do not indicate a lack of trustworthiness.

*Matthews v. Wells Fargo Bank*, 335 Ga. App. 526, 526–27 (782 SE2d 312) (2016) (citation and punctuation omitted). A trial court's admission of evidence under the rule is reviewed for an abuse of discretion. Id. at 527.

---

[2] Rule 803 (6) provides in part:

Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness and subject to the provisions of Chapter 7 of this title, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, if (A) made at or near the time of the described acts, events, conditions, opinions, or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness[.]

Brown did not dispute that he applied for a credit card from SCU or made purchases on his account; rather, he disputed that he had accumulated a balance that he had failed to pay and raised other challenges to SCU's right to recover. To show that Brown accumulated a balance on his account and failed to pay it, SCU relied on the affidavits of Knowlton and Langley, whose testimony, as previously noted, was based on the content of SCU's records, including credit card statements. However, while Knowlton and Langley testified in their affidavits that the records were "kept" in the ordinary course of SCU's business, they offered no testimony showing that the records were made at or near the time of the described acts; that the records were made by, or from information transmitted by, a person with personal knowledge and a business duty to report; or that the records were made as part of SCU's regular business activity. Given the absence of such testimony, Knowlton and Langley failed to lay a proper foundation for admission of the account records under Rule 803 (6), and their testimony based on those records therefore constituted inadmissible hearsay that should not have been considered by the trial court. See *Triple T-Bar v. DDR Southeast Springfield*, 330 Ga. App. 847, 848 (1) (769 SE2d 586) (2015) (affiant failed to lay a proper foundation for admission of lease agreement and guaranty where the

affiant offered no testimony establishing that the documents were made in the regular course of business); *Valentin v. Six Flags Over Ga.*, 286 Ga. App. 508, 511–12 (649 SE2d 809) (2007) (ride safety checklist was not properly authenticated as a business record and thus should not have been considered as evidence in support of the motion for summary judgment, as "[a]ll hearsay evidence . . . must be stricken or eliminated from consideration" when evaluating such a motion (citation and punctuation omitted)). Given the absence of competent evidence that Brown accumulated a balance on his account that he failed to pay, SCU failed to make a prima facie showing that it was entitled to summary judgment. See *Melman*, 312 Ga. App. at 272 (2). Accordingly, we reverse the trial court's grant of summary judgment in favor of SCU.[3]

2. Brown also contends that the trial court abused its discretion in denying his motion for reconsideration of the court's order denying his motion to compel discovery from SCU. According to Brown, the trial court applied the wrong legal

---

[3] In light of our conclusion in Division 1, we need not address Brown's enumerations of error challenging the grant of summary judgment on other grounds.

standard by relying on an "inapplicable appellate rule" in deciding whether to grant the motion for reconsideration, namely, Court of Appeals ("COA") Rule 37 (e).[4]

While the trial court did not cite to COA Rule 37 (e), it did recite language from the rule in its order. Notably, however, the trial court recognized in its order that whether to grant the motion for reconsideration was within its "sound discretion," and there is nothing in the order reflecting that the court believed it was *bound by* COA Rule 37 (e). Absent some express showing that the trial court believed it was bound to follow that rule, "we will not read such error into the trial court's ruling." *Dixon v. State*, 350 Ga. App. 211, 214 (1) (828 SE2d 427) (2019). See *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) ("Absent evidence to the contrary, we presume that trial judges, as public officers, follow the law in the exercise of their statutory duties and authority."). Furthermore, Brown has cited to no legal authority, and we have found none, indicating that a trial court, in the exercise of its discretion, cannot take into account the same considerations as this Court in deciding whether to grant a

---

[4] COA Rule 37 provides:

A reconsideration shall be granted on motion only when it appears that the Court overlooked a material fact in the record, a statute, or a decision which is controlling as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority.

motion for reconsideration. Accordingly, we discern no abuse of discretion by the trial court in denying Brown's motion.

*Judgment affirmed in part and reversed in part. Brown, C. J., and Watkins, J., concur.*