A92A0921. KENNERLY v. FIRST COLONY BANK.
(422 SE2d 243)

JOHNSON, Judge.

White River Development, Ltd., executed a promissory note in favor of First Colony Bank (FCB) in the amount of $25,050. Dantzler Kennerly executed a personal guaranty of the note. White River defaulted on the note. FCB filed a complaint for damages against Kennerly and others. The trial court granted summary judgment in favor of FCB and against Kennerly in the principal amount of $25,050, interest in the amount of $2,546.16, attorney fees of $2,784.62 and costs. Kennerly appeals. FCB has filed a motion to impose frivolous appeal damages.

1. Kennerly argues that the trial court erroneously granted summary judgment to FCB because there is a genuine issue of material fact as to the consideration supporting his personal guaranty. Kennerly claims that FCB orally agreed to satisfy White River's debt from sales commission assignments before seeking to enforce Kennerly's guaranty. Kennerly contends that this oral promise constituted the consideration for his personal guaranty and that FCB breached the promise. Kennerly's argument is without merit.

" 'Parol evidence is not admissible to vary or contradict the unconditioned promise to pay provided in a note or a guaranty agreement. "The cases are legion that a complete and unambiguous instrument cannot be varied or contradicted by reliance upon inconsistent parol statements." ' [Cit.]" *Hendricks v. Enterprise Fin. Corp.*, 199 Ga. App. 577, 579 (2) (405 SE2d 566) (1991). Here, the guaranty agreement is clear and unambiguous. Kennerly unconditionally guaranteed full and prompt payment of White River's obligations to FCB. The guaranty states it was given "[f]or value received, the sufficiency of which is hereby acknowledged, and in consideration of any loan or other financial accommodation heretofore or hereafter at any time made or granted to White River Development, Ltd. . . . by First Colony." The guaranty also states that it "shall be continuing, absolute and unconditional." Kennerly cannot now vary the terms of this clear and unambiguous instrument by reliance upon inconsistent parol statements.

2. This case presents no genuine issues of material fact or law and is wholly without merit. We find that the case was taken up solely for delay and the appeal is frivolous. Accordingly, pursuant to OCGA § 5-6-6, we award damages of ten percent of the judgment to

the appellee. Damages are awarded in the amount of $3,038.08.

*Judgment affirmed with direction. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Blandford & Werbin, John L. Blandford,* for appellant.
*John C. Bach, Robert J. Hulsey,* for appellee.