A11A1214. STEELE v. RIVERCHASE DEVELOPMENT
COMPANY, INC.
(715 SE2d 760)

MIKELL, Judge.

Riverchase Development Company, Inc. ("Riverchase") sued Frank C. Steele, M.D., for repayment of a loan made pursuant to an oral agreement, and following a jury trial, obtained a judgment in the

---

amount of $105,000. Steele appeals, contending that the trial court erred in refusing to consider his motion for summary judgment. We discern no error and affirm.

1. Steele asserts that the trial court erred in refusing to consider his motion for summary judgment because it was untimely filed. We do not agree.

The record shows that Steele filed a motion for summary judgment seven days before trial. Immediately prior to trial, Steele asked the trial court to address his motion. The trial court refused for the reasons that it was untimely filed and that the court would not delay the trial to consider the motion. The case was then presented to a jury, and a verdict was entered against Steele.

OCGA § 9-11-56 (b) states that a defending party "may, at any time, move . . . for a summary judgment in his favor as to all or any part" of the claim against him. However, this Court has held that the phrase " '[a]t any time' . . . does not mean that a motion for summary judgment may be filed without time limit whatsoever."[1] Uniform Superior Court Rule (USCR) 6.6 provides that "[m]otions for summary judgment shall be filed sufficiently early so as not to delay the trial. No trial shall be continued by reason of the delayed filing of a motion for summary judgment." Steele's motion for summary judgment was not in compliance with USCR 6.6 because it was filed a mere seven days before the trial in the case was scheduled to begin.[2] The trial had been scheduled at least three months prior to the filing of the motion, and a scheduling order had been in place for nearly nine months. Steele argues that he experienced delays in filing his motion because of scheduling delays in obtaining a needed deposition. In order to consider Steele's motion for summary judgment, however, the trial court would have been required to continue the trial in order to allow Riverchase to respond to the motion and in order to rule upon the motion.[3] The trial court acted within its discretion in declining to consider Steele's summary judgment motion.[4]

2. Steele contends that the trial court erred in not granting his

---

[1] *Braselton Bros., Inc. v. Better Maid Dairy Products*, 110 Ga. App. 515, 516 (1) (139 SE2d 124) (1964).

[2] Cf. *Pullen v. Oxford*, 227 Ga. App. 782 (1) (490 SE2d 478) (1997) (motion for summary judgment was not untimely and was properly considered by trial court; while filed somewhat later than usual, motion was filed more than 30 days before scheduled date of trial, motion did not cause delay in trial, and no continuance of trial was sought because of motion).

[3] See OCGA § 9-11-56 (c) (motion for summary judgment must be filed at least thirty days before date fixed for hearing).

[4] See USCR 8.1 and *DeClue v. City of Clayton*, 246 Ga. App. 487, 493 (4) (540 SE2d 675) (2000) ("The trial court has broad discretion in regulating its business and in scheduling trials") (footnote omitted).

motion for summary judgment. Even if we viewed the trial court's refusal to consider Steele's motion as a denial thereof, we will not review the denial of a motion for summary judgment following a trial and judgment on the merits.[5]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 1, 2011.

*Stemberger, Cummins & Arnall, William J. Stemberger, Jr.,* for appellant.

*Power, Jaugstetter & Futch, Patrick D. Jaugstetter, Gregory A. Futch,* for appellee.

---

[5] *Tensar Earth Technologies v. City of Atlanta*, 267 Ga. App. 45, 48 (1) (598 SE2d 815) (2004).