A11A1230. BROOKS v. GWINNETT COMMUNITY BANK.
(717 SE2d 647)

MCFADDEN, Judge.

In this suit on promissory notes and personal guaranties of the notes, William Brooks appeals from the trial court's order granting partial summary judgment to Gwinnett Community Bank as to Brooks' affirmative defense that he was released as a guarantor of the notes. Because such a release must be in writing and there is no evidence of a written release, we affirm.

" 'Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant.' [Cit.]" *Core LaVista, LLC v. Cumming*, 308 Ga. App. 791 (709 SE2d 336) (2011). So construed, the evidence shows that Gwinnett Community Bank

---

[17] (Punctuation omitted.) Id. at 167 (1).

loaned \$3,195,400 to International Hospitality, LLC, which executed a promissory note in that amount. International Hospitality obtained another loan from the bank and executed another promissory note in the amount of \$400,000. Brooks and other members of International Hospitality executed a guaranty, personally guaranteeing repayment of the indebtedness of the company up to \$3,926,000. Brooks eventually sold his interest in International Hospitality and other entities to Giorgio Medici, another member of International Hospitality, for \$1.7 million. The agreement between Medici and Brooks noted that Brooks had personally guaranteed loans to the company and that Medici would take action "to have Brooks released of any and all personal guaranties." Brooks called bank loan officer Joseph Godfrey, who said that the bank would release Brooks from his personal obligations arising from his involvement with International Hospitality.

International Hospitality subsequently defaulted on the loans, and Gwinnett Community Bank filed suit on the promissory notes and guaranty against International Hospitality and the individual guarantors. Brooks answered, asserting, among other things, the affirmative defenses of accord and satisfaction and that he had been released from his guaranty. Gwinnett Community Bank moved for partial summary judgment as to those affirmative defenses, and the trial court granted the motion. Brooks appeals, arguing that there are genuine issues of material fact as to whether he was released from the guaranty. The argument is without merit.

As Brooks states in his brief, a release from a promise to answer for another's debt must be in writing. Indeed,

> [p]ursuant to OCGA § 13-5-30 (2), the personal guarantee agreement had to be and was executed in writing. As the contract of guaranty had to be in writing under the Statute of Frauds, "so likewise, under the general rule, any proposed modification thereof, to be effective, must also have been in writing." [Cits.]

*Hendricks v. Enterprise Financial Corp.*, 199 Ga. App. 577, 579 (2) (405 SE2d 566) (1991). Thus, "[p]arol evidence is not admissible to vary or contradict the unconditioned promise to pay provided in a note or a guaranty agreement. The cases are legion that a complete and unambiguous instrument cannot be varied or contradicted by reliance upon inconsistent parol statements." (Citations and punctuation omitted.) *Kennerly v. First Colony Bank*, 205 Ga. App. 352 (1) (422 SE2d 243) (1992).

Here, the unambiguous contract of guaranty provides, in pertinent part:

> It is fully understood that until each and every one of the covenants and agreements of this Guaranty is fully performed, the [guarantors'] undertakings hereunder shall not be released, in whole or in part, by any action or thing which might, but for this provision of this Guaranty, be deemed a legal or equitable discharge of a surety or guarantor. . . . This is a continuing Guaranty and shall remain in full force and effect as to the [guarantors] until the liabilities and other amounts due under this Guaranty have been paid in full.

"It is clear from the evidence of record that no written agreement was ever entered between [Brooks and Gwinnett Community Bank] releasing, canceling, or otherwise terminating [Brooks' continuing] personal guarantee agreement." *Hendricks*, supra. Brooks cannot now seek to vary the terms of the clear and unambiguous contract of guaranty by reliance on inconsistent oral statements. See *Kennerly*, supra.

Contrary to Brooks' claim, certain internal bank documents do not constitute a written modification of the contract of guaranty. Rather, as Godfrey, the bank loan officer, explained in his affidavit, they are nothing more than an expression of his personal opinion that since Brooks had sold his interest in International Hospitality, he was thereby released as a guarantor. That lay opinion, even if reduced to writing, simply does not include all the essential terms needed to create a binding written contract. See generally *Harris v. Baker*, 287 Ga. App. 814, 816-817 (652 SE2d 867) (2007). Accordingly, the grant of partial summary judgment to the bank on the defense of release was not erroneous.

*Judgment affirmed. Phipps, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 3, 2011.

*Ichter Thomas, Cary Ichter, S. Renee Huskey*, for appellant.
*Stites & Harbison, J. D. Humphries III, Ron C. Bingham II, Joseph H. Turner, Jr., Enis T. Brown III*, for appellee.