**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 9, 2013**

# In the Court of Appeals of Georgia

A13A1275. CSS REAL ESTATE DEVELOPMENT I, LLC. et al. v.
    STATE BANK AND TRUST CO.

BARNES, Presiding Judge.

CSS Real Estate Development I, LLC., Enville, Inc., Thakorbhai D. Patel, Simon Ahn, Charles N. Crowder and Samuel J. Park (hereinafter "CSS") appeal from the order of the trial court granting summary judgment to State Bank and Trust Company ("SB&T"). On appeal, CSS contends that the trial court erred in finding that it had not produced evidence showing that SB&T acted fraudulently to induce it to execute new guaranties two days before the bank failed. CSS does not appear to dispute the basic facts regarding the loan and the related agreements associated with the guaranty of the loan. Upon our review, and finding that the trial court did not err in its grant of summary judgment to SB&T, we affirm.

A grant of summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On summary judgment, after the movant makes a prima facie showing of its entitlement to judgment as a matter of law, the burden then shifts to the respondent to come forward with rebuttal evidence. To do so, the respondent must set forth specific facts showing the existence of a genuine issue of disputed fact. On appeal from the grant or denial of a motion for summary judgment, we apply a de novo standard of review, viewing the evidence and all reasonable inferences and conclusions drawn from it in the light most favorable to [CSS] as the nonmoving part[y].

(Punctuation and footnotes omitted.) *Capital City Dev., LLC et al. v. Bank of North Ga.*, 316 Ga. App. 624, 624-625 (730 SE2d 99) (2012).

So viewed, the evidence demonstrates that in February of 2007, CSS Real Estate entered into two loan agreements with The Buckhead Community Bank d/b/a The Alpharetta Community Bank ("the Bank") for the purchase of land and construction of a hotel. Crowder, Ahn, and Park guaranteed the loan. In October of 2008, CSS Real Estate sold the property to Enville, Inc., and Enville's owner, Patel, executed a commercial guaranty for CSS's indebtedness under the original loan with the Bank. CSS Real Estate, Crowder, Ahn, and Park remained guarantors under the loan as well.

On December 2, 2009, the loan was renewed in the principal amount of $3,300,018 and Crowder, Ahn, Park, Enville, Inc., and Patel executed new loan guarantees. On December 4, 2009, the Bank failed and the FDIC was appointed as receiver of the Bank's assets and liabilities, and thereafter the FDIC sold and assigned all rights and interests in the loan to SB&T. On July 15, 2011, SB&T sent CSS a default notice after timely payments were not made on the loan. Subsequently, on September 22, 2011, SB&T filed the underlying suit to collect the monies due under the loan.

SB&T moved for summary judgment, and CSS responded, asserting that the motion should be denied because of the existence of material factual issues as to whether SB&T's predecessor in interest, i.e., the Bank, had committed fraud and breached its fiduciary duty by concealing the fact that, at the time CSS renewed its loans and guaranties, the Bank was "on the verge of collapse." The trial court granted SB&T's motion upon finding that, despite CSS's allegations of fraudulent misrepresentation and breaches of fiduciary duty, CSS had failed "to set forth any evidence of any of the elements of a fraud or breach of fiduciary claim or even illustrate how total disclosure of the [B]ank['s] precarious financial situation would have caused [CSS] to act differently."

3

On appeal, CSS argues that it produced evidence showing that SB&T's predecessor in interest, the Bank, fraudulently induced it to renew the loan and guarantees two days before the Bank failed even though Bank employees knew about the impending failure. CSS maintains that had it known that the Bank was going to fail, instead of renewing the loan, it would have waited and instead "had the option to negotiate with the FDIC or [the] successor lender, SB&T." CSS further contends that the trial court should have canceled the guaranties at issue because of the Bank's "bad acts."

Once a plaintiff establishes a prima facie case by producing a guarantee and showing that it was executed, "the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense."(Punctuation and footnote omitted.) *Trendmark Homes v. Bank of North Ga.*, 314 Ga. App. 886, 887 (726 SE2d 138) (2012). Fraud is such a defense.

> The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. Because summary judgment is appropriate if only one essential element

4

of [CSS's] claim is eliminated, we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this appeal.

(Citation omitted.) *Johnson v. Rodier*, 242 Ga. App. 496, 498 (2) (529 SE2d 442) (2000).

"[T]o recover in tort for fraud, [CSS] must prove that [it] sustained loss or damage as the proximate result of the alleged misrepresentations," and in so doing, "show not only that had [CSS] known the truth [it] would not have acted but also that [it] suffered actual economic loss." (Citations and punctuation omitted.) *Holmes v. Grubman*, 286 Ga. 636, 641-642 (2) (691 SE2d 196) (2010).

Even if, as CSS contends, the Bank knew it was failing at the time the loan and guaranties were renewed, it has failed to demonstrate by the record on appeal any evidence that it would have acted differently had it known of the Bank's closure, or evidence of damages that it sustained as a result of the closure. See *Fuller v. Perry*, 223 Ga. App. 129, 131 (1) (476 SE2d 793) (1996) (summary judgment affirmed because appellant's attempts to show prior knowledge or fraudulent intent unsupported by the record.)

Although CSS asserts that it might have been in a position to negotiate with the FDIC or SB&T over the terms of the loan and guaranties if it had known of the

5

Bank's impending failure, "[b]are conclusions and contentions unsupported by an evidentiary basis in fact are insufficient to oppose a motion for summary judgment." *Griffin v. State Bank of Cochran*, 312 Ga. App. 87, 91 (1) (a) (718 SE2d 35) (2011). CSS's statements regarding what might have occurred in relation to any future negotiations with the FDIC or SB&T "related entirely to future events involving a third party and consisted entirely of opinions, predictions, and conjectures, [and] they cannot form the basis of a claim for fraud. . . . Accordingly, the trial court did not err in granting summary judgment in favor of [SB&T]." *Fuller v. Perry*, 223 Ga. App. at 132 (1).

*Judgment affirmed. Miller and Ray, JJ., concur.*