**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0760. CAPITAL CITY BANK v. JONES.

MCFADDEN, Judge.

Capital City Bank sued Eric Jones on guaranties executed by Jones to guarantee the indebtedness of Parrish Capital Resources, Inc. In his answer and counterclaim, Jones sought to vary the written terms of the guaranties and to dispute the recitation in the guaranties that the consideration for them was the loan to Parrish Capital. Those arguments do not constitute a valid defense to the prima facie case the bank had made out by producing the guaranties and showing that Jones had executed them. We therefore reverse the trial court's denial of the bank's motion for summary judgment.

1. *Facts*.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Courtland Hotel, LLC v. Salzer*, 330 Ga. App. 264 (767 SE2d 750) (2014) (citation and punctuation omitted).

So viewed, the evidence showed that Parrish Capital Resources executed a promissory note in favor of the Bank dated July 7, 2011, in the amount of $558,874.89. The note was a renewal and consolidation of other loans and the collateral for the note included real estate owned by Parrish Capital. Jones, a 50 percent stockholder in Parrish Capital, signed commercial guaranties dated November 20, 2009 and July 7, 2011, guaranteeing payment of the indebtedness of Parrish Capital to the Bank. In his deposition, Jones – who is an attorney experienced in the drafting and enforcement of loan documents – testified that he had relied on oral representations that other persons had also signed guarantees. Jones had been signing

2

guaranties for Parrish Capital's loans since 1995. The normal procedure, he testified, was that the Bank would work out the terms of the loan with John Parrish, an officer of Parrish Capital, and then call Jones and let him know that he needed to come in to sign a guaranty. Jones thought that John Parrish was also giving guaranties for the loans, and would always ask Bank employees if John and Phyllis Parrish had signed their guaranties when he went in to sign. The employees, Jones testified, would respond that everyone else had already signed.

As to the guaranties at issue here, Jones testified that he understood what each guaranty was before he signed it, that he had an opportunity to read it before he signed it, and that he understood that by signing it, he was guaranteeing all indebtedness from Parrish Capital to the Bank – which he knew was in the range of $500,000. Jones did not see the loan documents before he signed the guaranties; he never asked to see them.

In 2013, the bank notified Jones in a demand letter that the loan to Parrish Capital was in default. The demand letter stated that the July 7, 2011 note was in default and that the Bank was accelerating the note and seeking immediate payment of $558,710.38, plus interest, late fees, and escrow fees from Parrish Capital and all guarantors of the note. The demand letter also notified Jones that if these amounts

were not paid within ten days, the Bank would seek to recover its attorney fees. When the amounts sought in the demand letter were not paid, the Bank filed suit against Parrish Capital on the note and against Jones and the other guarantors on their guaranties.

2. *Motion for summary judgment on the complaint*.

"Once a plaintiff establishes a prima facie case by producing a guarant[y] and showing that it was executed, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." *CSS Real Estate Dev. I v. State Bank & Trust Co.*, 324 Ga. App. 184, 185 (749 SE2d 773) (2013) (citation and punctuation omitted). Here, the Bank established a prima facie right to recovery by producing the guaranties executed by Jones, and the burden shifted to Jones to establish a valid defense.

Jones argued below that there was no meeting of the minds with respect to the Bank's conduct in securing execution of the guaranties and that although Jones's signature on the guaranties may be some evidence of assent on his part, it did not constitute complete assent. The trial court considered parol evidence in reaching its conclusion that there were "questions of assent, i.e. Defendant Jones's understanding of other guarantors, and consideration or lack thereof." Specifically, the trial court

4

relied on Jones's deposition testimony that he thought John Parrish was also a guarantor. That reliance was misguided because "parol evidence is not admissible to vary or contradict the unconditioned promise to pay provided in a note or a guaranty agreement. The cases are legion that a complete and unambiguous instrument cannot be varied or contradicted by reliance upon inconsistent parol statements." *Brooks v. Gwinnett Community Bank*, 311 Ga. App. 806, 807 (717 SE2d 647) (2011) (citations and punctuation omitted).

Here, the guaranties set unconditional promises to pay that cannot be contradicted by inconsistent parol statements; they provide, in pertinent part:

> Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender. . . , NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED, ON AN OPEN AND CONTINUING BASIS. . . . "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender.

Moreover, "[t]he parol evidence rule bars evidence of an extrinsic contemporaneous oral representation that an unconditional written guaranty was conditioned on the existence of a guaranty by another party." *Carrollton Car Center v. C & S Nat. Bank*, 202 Ga. App. 429, 430-431 (3) (414 SE2d 674) (1992) (citations omitted). The trial court therefore erred in admitting parol evidence to vary the terms of the guaranties.

The Bank contends that the trial court erred by concluding that issues of fact remained regarding whether there was consideration for the guaranties. Again, we agree.

The stated consideration in the guaranties is "to induce Lender to make loans or otherwise extend credit to Borrower, or to renew or extend in whole or in part any existing indebtedness of Borrower to Lender, or to make any other financial accommodations to Borrower." It is undisputed that the Bank made loans to Parrish Capital, which provided sufficient consideration for the guaranties. See *Beasley v. Wachovia Bank*, 277 Ga. App. 698, 701 (1) (d) (627 SE2d 417) (2006); *Hearn v. C & S Nat. Bank*, 154 Ga. App. 686, 689 (269 SE2d 486) (1980).

2. *Motion for summary judgment on the counterclaim.*

In his counterclaim, Jones asserts that the Bank should be estopped from pursuing this action against him until it has taken reasonable steps to foreclose on the

real estate serving as collateral for the loans. But the guaranties he signed specifically state that "[t]his is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the indebtedness or against any collateral securing the Indebtedness." And the guaranties further provide that "Guarantor waives any right to require Lender . . . (D) to proceed directly against or exhaust any collateral held by Lender from Borrower." Those provisions are enforceable; indeed they are consistent with the well settled generally applicable principle that

> a creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or pursue both remedies concurrently until the debt is satisfied. In other words, the holder of a note who is also the grantee in a deed to secure the indebtedness of the note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale.

*REL Dev. v. Branch Banking & Trust Co.*, 305 Ga. App. 429, 431 (1) (699 SE2d 779) (2010) (citations and punctuation omitted).

Because the record shows that the Bank proved a prima facie case by showing that Jones signed the guaranties and that the loans and guaranties are now in default,

7

and as we have found no merit in the issues raised by Jones in rebuttal, the trial court erred in denying the Bank's motion for summary judgment. *Secured Realty Investments v. Bank of North Georgia*, 314 Ga. App. 628, 632 (2) (725 SE2d 336) (2012).

*Judgment reversed. Dillard, J., concurs; Ellington, P. J., concurs in the judgment only.*

8