**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 19, 2017

# In the Court of Appeals of Georgia

A17A0249. COSTA et al. v. HAMILTON STATE BANK.

McFADDEN, Presiding Judge.

This appeal concerns an action brought by Hamilton State Bank (the bank) on guaranties signed by Juan R. Costa and Freddy A. Achecar (the appellants). The trial court granted summary judgment to the bank, and Costa and Achecar appeal pro se. They argue that the bank's summary judgment motion was untimely, but we find it was within the trial court's discretion to consider the motion. They argue that the bank did not establish their liability on the guaranties, but we find the evidence set forth a prima facie case of liability. Finally, they argue that the bank did not establish its damages, and we agree. Consequently, we affirm the trial court's grant of summary judgment as to liability, but reverse the trial court's grant of summary judgment as to damages.

1. *Timeliness of motion for summary judgment.*

The guarantors argue that the trial court erred in considering the bank's motion for summary judgment because the motion was untimely. A party, such as the bank, seeking to recover upon a claim, "may, at any time after the expiration of 30 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in [its] favor upon all or any part thereof." OCGA § 9-11-56 (a). But

> the phrase "at any time" does not mean that a motion for summary judgment may be filed without any time limit whatsoever. Uniform Superior Court Rule (USCR) 6.6 provides that "(m)otions for summary judgment shall be filed sufficiently early so as not to delay the trial. No trial shall be continued by reason of the delayed filing of a motion for summary judgment."

*Steele v. Riverchase Dev. Co.*, 311 Ga. App. 340, 341 (1) (715 SE2d 760) (2011) (citation and punctuation omitted). Nevertheless, "the trial court has broad discretion in regulating its business and scheduling trials." *Cooper-Bridges v. Ingle*, 268 Ga. App. 73, 75 (1) (601 SE2d 445) (2004) (citation and punctuation omitted).

The record shows that in January 2016 the trial court entered a case management order stating that, "[e]xcept as otherwise provided in the Civil Practice

Act or ordered by the Court, the period for filing motions has already closed." On March 10, 2016, the bank filed a notice of substitution of counsel. On May 2, 2016, the trial court entered a trial notice placing the case on a May 20 trial calendar and stating that outstanding motions "shall be heard prior to the call of the case for trial." And on May 5, 2016, the bank's new counsel filed a motion for summary judgment, which the trial court granted on June 7, 2016.

The trial court did not abuse his discretion. The bank's new counsel filed the motion for summary judgment three days after the trial court entered the notice of the trial calendar. That notice reflected that the case was not scheduled for trial on a particular day but was one of several cases to be tried on a calendar that "shall continue until exhausion," on a schedule to be determined at the calendar call. "No continuance of the trial was sought or granted because of the motion for summary judgment; instead, the trial was obviated by the grant of the [bank's] motion for summary judgment. . . . " *Pullen v. Oxford*, 227 Ga. App. 782 (1) (490 SE2d 478) (1997) (citation and punctuation omitted). And more than 30 days elapsed before the trial court ruled on the motion, giving Costa and Achecar the opportunity to respond to it. See OCGA § 9-11-56 (c) (a motion for summary judgment "shall be served at least 30 days before the time fixed for the hearing"); *Brown v. Shiver*, 183 Ga. App.

3

207, 209 (2) (358 SE2d 862) (1987) (OCGA § 9-11-56 (c) "allows the party opposing a motion for summary judgment at least thirty days to respond before the motion is heard"). We find no error in the trial court's consideration of the bank's motion for summary judgment.

2. *Summary judgment.*

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. Where the movant is the plaintiff, [it] has the burden of presenting evidence to support [its] claim and the burden of piercing the defendant's affirmative defenses.

*State of Georgia v. Rozier*, 288 Ga. 767, 768 (707 SE2d 100) (2011) (citation omitted).

In support of its motion for summary judgment, the bank submitted the affidavit of Paul McLaughlin, its senior vice president and special assets manager, who was the bank employee primarily responsible for administering and recovering upon the guaranties at issue in this case and who also testified as the bank's custodian of records. McLaughlin testified that in January 2006, CA Associates, LLC executed a promissory note in favor of Douglas County Bank. Costa and Achecar each

4

executed guaranties of this obligation, and copies of the guaranties, along with other loan documents, were attached to the affidavit. Douglas County Bank subsequently closed and an appointed receiver assigned all of its assets to bank. Copies of the note, guaranties, and assignment were attached to and referenced in McLaughlin's affidavit. After CA Associates defaulted on its obligation under the note, Costa and Achecar defaulted on their obligations under the guaranties.

Costa and Achecar argue that the bank was not entitled to summary judgment because it did not establish a prima facie case allowing it to recover on the guaranties and because there exist genuine issues of material fact. A plaintiff in a suit on a guaranty "establishes a prima facie case by producing [the] guarant[y] and showing that it was executed[.]" *CSS Real Estate Dev. I v. State Bank and Trust Co.*, 324 Ga. App. 184, 185 (749 SE2d 773) (2013) (citation omitted). When the signature on the guaranty "is admitted or established, production of the instrument entitles the holder to recover on it unless the defendant establishes a defense." *L. D. F. Family Farm v. Charterbank*, 326 Ga. App. 361, 363 (756 SE2d 593) (2014) (citation omitted). "However, where a party sues for damages, it has the burden of proof of showing the amount of loss in a manner in which the trial judge can calculate the amount of the loss with a reasonable degree of certainty." *Ware v. Multibank 2009-1 RES-ADC*

5

*Venture, LLC*, 327 Ga. App. 245, 250 (2) (758 SE2d 145) (2014) (citation and punctuation omitted). As detailed below, the bank established its prima facie case of liability against Costa and Achecar but did not meet its burden as to damages.

(a) *Liability.*

The bank produced several signed guaranties that identify the appellants as guarantors, but Costa and Achecar argue that there is no evidence that they executed those specific guaranties. They also argue that there is a factual question regarding the assignment of the guaranties to the bank. We are not persuaded by either argument, so we affirm the grant of summary judgment to the bank on the issue of liability.

(i) *Evidence of execution of the guaranties.*

In their answers, Costa and Achecar stated that they could neither admit nor deny executing the guaranties "for want of information." Compare *Gause v. Fidelity Bank*, 332 Ga. App. 844, 847 (1) (b) (775 SE2d 207) (2015) (physical precedent) (defendant's affidavit testimony that he was *certain* he did not execute a guaranty and believed that the signature page may have come from another document precluded summary judgment to the bank in its action on the guaranty). But there is no dispute that Costa and Achecar *did* guarantee a loan made by Douglas County Bank (the

6

bank's predecessor) to CA Associates — they admitted so in their briefs before both this court and the trial court, and Achecar also admitted so in response to a request for admission.[1] See *Kensington Partners, LLC v. Beal Bank Nevada*, 311 Ga. App. 196, 196-197 (1) (715 SE2d 491) (2011) (party's factual admissions made in briefs are admissions in judicio and are binding). And McLaughlin testified that the guaranties presented by the bank in its prosecution of this action were the guaranties associated with that loan. Costa and Achecar argue that McLaughlin could not attest to the guaranties' authenticity because he had no personal knowledge of their execution. McLaughlin testified, however, that the guaranties

> were received in the regular course of business of [the bank] and are kept in the course of the regularly conducted business activity of [the bank]. It is the regular practice of [the bank] for an employee or representative with knowledge of the act, event, or contract recorded to make the record at or near the time or reasonably soon after its occurrence. The documents attached [to the affidavit] are exact duplicates of the originals, which are currently held by [the bank] in the regular course of [the bank's] business.

This was sufficient to authenticate the documents. See OCGA § 24-9-902 (11); *Salas v. JP Morgan Chase Bank, N. A.*, 334 Ga. App. 274, 280-281 (2) (a) (779 SE2d 48)

---

[1] The record does not contain Costa's response to any requests for admissions.

(2015); *Ware*, supra, 327 Ga. App. at 248-249 (2). Taken together, the appellants' admissions and McLaughlin's affidavit testimony establish that the appellants executed the guaranties.

(ii) *Assignment.*

Costa and Achecar argue that the copy of the document assigning the guaranties to the bank, which was attached to and referenced in the McLaughlin affidavit, created a genuine issue of material fact regarding the assignment. This is, essentially, an argument that the bank did not establish that it is the real party in interest. See *Patrick Malloy Communities, LLC v. Community & Southern Bank*, 334 Ga. App. 76, 79 (1) (778 SE2d 242) (2015). Costa and Achecar argue that there are questions of fact regarding the assignment because the assignment did not include a copy of an underlying purchase agreement, which was referenced in it but not made an exhibit to it. However, they cite to no authority requiring that all documents referenced in an assignment be attached as exhibits to it. They also argue that there are questions of fact regarding the assignment because it is "missing pages." This appears to refer to a single missing page in a limited power of attorney that was attached to the assignment as evidence of the authority of the person signing the assignment to act on behalf of the assignor. The pages that are in the record include

8

the entire text of the limited power of attorney, the signature of the party granting the power, the signatures of two witnesses, and the signature of a notary public, and it is unclear what information, if any, was on the missing page. Again, Costa and Achecar offer no citation to authority to support their position that the lack of this page gives rise to questions of fact that would preclude summary judgment.

(b) *Damages.*

The bank used the McLaughlin affidavit to establish its damages. Costa and Achecar argue that the trial court should not have considered this affidavit because it contained legal conclusions and referred to attached loan history documents that were inadmissible. We are not persuaded by either argument. But they also argue that documents attached to and referenced in the affidavit created fact questions about damages that preclude summary judgment. Because the documents attached to the affidavit do not support the testimony, we are constrained to agree and, therefore, to reverse the grant of summary judgment as to damages.

(i) *Legal conclusions.*

Arguing that the trial court should not have considered the McLaughlin affidavit because it contained legal conclusions, Costa and Achecar point to McLaughlin's statements that the appellants were in default and that the bank had

provided them with "appropriate demand and notice" before filing its action. But the affidavit also contained factual statements on those points: McLaughlin testified that Costa and Achecar had "failed to pay the amounts due and owing under [the guaranties] as those amounts became due and owing [and that the] obligations remain unpaid, due, and owing to [the bank]"; and he testified that "by letters [attached to the affidavit and incorporated therein], [the bank] made demand upon [Costa and Achecar] for immediate payment of the entire unpaid principal, interest, and late charges due and owing under the [n]ote [that was the subject of the guaranties]." Compare *GE Capital Mtg. Svcs. v. Clack*, 271 Ga. 82, 85 (2) (b) (515 SE2d 619) (1999) (mere statement in affidavit that notice was "published 'as required by law'" was a legal conclusion that did not establish the fact that bank had complied with foreclosure notice requirement). These factual statements could be considered in determining the bank's entitlement to summary judgment, even if the affidavit also contained legal conclusions drawn from those facts. See *Ware*, supra, 327 Ga. App. at 250 (2) ("even where a portion of [an] affidavit is inadmissible, that fact does not invalidate the entire affidavit") (citation omitted); *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 440 (4) (280 SE2d 842) (1981) ("the mere fact that the affidavits in question might contain certain averments which could be characterized as

10

conclusions . . . did not prohibit the trial judge from considering the admissible parts thereof and from granting summary judgment if appropriate").

(ii) *Admissibility of loan history documents.*

Costa and Achecar argue that loan history documents attached to and referenced in the affidavit, which the bank used to establish the amount outstanding on the note, were summaries that were inadmissible because the bank had not made the underlying records upon which the summaries were based available to them. See OCGA § 24-10-1006 ("The contents of otherwise admissible voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place."). "[A] document that simply lists the current balance, accrued interest, and fees owed on a bank loan at the time of the litigation is not a business record but rather a 'summary.' . . . In contrast, . . . reports that provide a detailed transaction history of a loan [are] business records, not . . . summaries." *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 370-371 (2) (771 SE2d 68) (2015) (citations omitted). The loan history documents at issue here provided

11

detailed transaction histories from the loan's inception and were admissible as business records. Id. at 371 (2).

(iii) *Failure of affidavit exhibits to support testimony.*

We agree with Costa and Achecar, however, that the bank did not show that it is entitled to summary judgment on damages, because the loan history documents attached to McLaughlin's affidavit give rise to questions of fact that preclude summary judgment. McLaughlin testified in his affidavit that the total amount due and owing under the note and guaranties as of April 28, 2016, was $413,409.86. The affidavit also "recited that it was based in part on bank records, and it is clear from the context that the portion of the affidavit which set out the amount owed by [Costa and Achecar] was based on bank records." *Taquechel v. Chattahoochee Bank*, 260 Ga. 755, 756 (2) (400 SE2d 8) (1991) (citation omitted). An affidavit that refers to bank records to establish the amount owed on a debt must attach those records. See id. The loan history documents attached to McLaughlin's affidavit, however, do not reflect the amount of damages set forth in that affidavit; in fact, they contain no information whatsoever about activity on the loan after 2013. Because this discrepancy is material to the amount owed under the note, and therefore the guaranties, material issues of fact exist as to the amount of damages that preclude

12

summary judgment on that issue. See *Patrick Malloy Communities*, supra, 334 Ga. App. 83 (2); *Ware*, 327 Ga. App. at 251 (2).

*Judgment affirmed in part and reversed in part, and case remanded. Branch and Bethel, JJ., concur.*